# EXHIBIT 5

**Fill in this information to identify the case:**

Debtor 1  _____

Debtor 2  _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number  _____

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   _____
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor  _____

2. **Has this claim been acquired from someone else?**

   ☐ No
   ☐ Yes.  From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   **Where should notices to the creditor be sent?**

   _____
   Name

   _____
   Number        Street

   _____
   City             State           ZIP Code

   Contact phone  _____

   Contact email  _____

   **Where should payments to the creditor be sent?** (if different)

   _____
   Name

   _____
   Number        Street

   _____
   City             State           ZIP Code

   Contact phone  _____

   Contact email  _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

4. **Does this claim amend one already filed?**

   ☐ No
   ☐ Yes.  Claim number on court claims registry (if known) _____    Filed on  _____
                                                                                    MM  / DD  / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☐ No
   ☐ Yes.  Who made the earlier filing? _____

Official Form 410                                   **Proof of Claim**                                   page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**
   ❑ No
   ❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**   $__See Attached Addendum__.   **Does this amount include interest or other charges?**
   ❑ No
   ❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.
   _____

9. **Is all or part of the claim secured?**
   ❑ No
   ❑ Yes.   The claim is secured by a lien on property.

   **Nature of property:**
   ❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ❑ Motor vehicle
   ❑ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                $_____
   **Amount of the claim that is secured:**   $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed) _____%
   ❑ Fixed
   ❑ Variable

10. **Is this claim based on a lease?**
    ❑ No
    ❑ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**
    ❑ No
    ❑ Yes. Identify the property: _____

Official Form 410                                    **Proof of Claim**                                    page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                              MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name      _____
              First name                    Middle name                   Last name

Title         _____

Company  _____
              Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
              Number          Street

              _____
              City                                              State         ZIP Code

Contact phone  _____      Email  _____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | § <br> § <br> § Case No. 22-10964 (MG) <br> § <br> § Chapter 11 <br> § <br> § (Jointly Administered) |

## ADDENDUM TO
## PROOF OF CLAIM OF HANOCH "NUKE" GOLDSTEIN

1. Hanoch "Nuke" Goldstein hereby submits this addendum to his proof of claim (together with any and all documents and attachments submitted in connection therewith, this "Proof of Claim") against Celsius Network LLC and their affiliated debtors and debtors-in-possession in the above captioned chapter 11 cases (collectively, "Celsius" or the "Debtors"), for all unliquidated contingent indemnification and reimbursement claims arising from, among other things, the LLCA, the Articles, the Deed of Indemnity and the Indemnification Agreement (each as defined below).

### Background

2. On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. On November 16, 2022, the Court entered the *Order Setting Bar Dates for Submitting Proofs of Claim (II) Approving Procedures for Submitting Proofs of Claim, (III)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1368] (the "Original Bar Date Order"), establishing 5:00 p.m. prevailing Eastern Time on January 3, 2023 as the general deadline for all persons or entities holding certain claims against the Debtor that arose prior to the Petition Date to file proofs of claim against the Debtors' estates (the "Original General Bar Date").

4.  On January 10, 2023, the Court entered the *Order (I) Extending the Bar Dates for Submitting Proofs of Claim (II) Approving Notice Thereof, and (III) Granting Related Relief* [Docket 1846] (the "Bar Date Extension Order"). Pursuant to the Bar Date Extension Order, the Original General Bar Date was extended to on or before 5:00 p.m. prevailing Eastern Time on February 9, 2023 (the "Extended General Bar Date").

## LLCA

5.  Debtors Celsius Network LLC, a Delaware limited liability company, and Celsius US Holding LLC, as the "Sole Member" of Celsius Network LLC, are party to that certain amended and restated limited liability company agreement, dated June 12, 2022 (the "LLCA").

6.  The LLCA provides, in pertinent part, as follows:

> "[Celsius Network LLC] hereby agrees to indemnify and hold harmless each Covered Person to the fullest extent permitted under the Act, as the same now exists or may hereafter be amended, substituted or replaced (but, in the case of any such amendment, substitution or replacement only to the extent that such amendment, substitution or replacement permits [Celsius Network LLC] to provide broader indemnification rights than [Celsius Network LLC] is providing immediately prior to such amendment, substitution or replacement), against all expenses, liabilities and losses (including reasonable attorney fees and expenses, judgments, fines, excise taxes or penalties) (collectively, "Losses") reasonably incurred or suffered by such person (or one or more of such person's affiliates) by reason of the fact that such person is or was an officer, member or is or was serving as an officer, manager, director, principal, member, employee, agent or representative of [Celsius Network LLC] or is or was serving at the request of [Celsius Network LLC] as a managing member, manager, officer, director, principal, member, employee, agent or representative of another corporation, partnership, joint venture, limited liability company, trust or other enterprise"

*See* LLCA at ⁋ 13(e).

7. The LLCA further provides that:

> "Expenses, including reasonable attorneys' fees and expenses, incurred by any such Covered Person in defending a proceeding (but not a proceeding initiated by such Indemnified Person, other than a proceeding to enforce such Covered Person's rights under this Section 13, shall be paid by [Celsius Network LLC] in advance of the final disposition of such proceeding, including any appeal therefrom, upon receipt of an undertaking by or on behalf of such Covered Person (in form and substance acceptable to the Board) to repay such amount if it shall ultimately be determined that such Covered Person is not entitled to be indemnified by [Celsius Network LLC]."

*Id*. As a current officer of the Debtors, Mr. Goldstein is a "Covered Person" under the LLCA. *Id.* at ⁋ 13(a). (defining "Covered Person" as "(i) [Celsius US Holding LLC]; (ii) each officer, director, stockholder, partner, member, Affiliate, employee, agent or representative of [Celsius US Holding LLC]; and (iii) each manager, officer, employee, agent or representative of [Celsius Network LLC].").

## **The Articles**

8. Prior to the Petition Date, Debtor Celsius Network Limited adopted those certain Articles of Association, dated as of December 3, 2021 (the "Articles").

9. The Articles provide, in pertinent part, as follows:

> "Subject to Article 28.2, but without prejudice to any indemnity to which a relevant officer is otherwise entitled:
>
> > (a) each relevant officer of [Celsius Network Limited] shall be indemnified out of [Celsius Network Limited's] assets against all costs, charges, losses, expenses and liabilities incurred by him as a relevant officer in the actual or purported execution and/or discharge of his duties, or in relation to them including any liability incurred by him in defending any civil or criminal proceedings, in which judgment is given in his favour or in which he is acquitted or the proceedings are otherwise disposed of without any finding or admission of any material breach of duty on his part or in connection with any application in which the court grants him, in his capacity as a relevant officer, relief from liability for negligence,

3

default, breach of duty or breach of trust in relation to [Celsius Network Limited's] affairs; and

> (b) [Celsius Network Limited] may provide any relevant officer with funds to meet expenditure incurred or to be incurred by him in connection with any proceedings or application referred to in Article (a) and otherwise may take action to enable any such relevant officer to avoid incurring such expenditure."

*See* Articles, Art. 28.1. As a current officer of the Debtors, Mr. Goldstein is a "relevant officer" under the Articles. *See* Articles, Art. 28.4(a) (defining "relevant officer", in part, as "any director or other officer or former director or other officer of [Celsius Network Limited]".)

### Deed of Indemnity

10. On June 12, 2022, Mr. Goldstein and Celsius Network Limited entered into that certain deed of indemnity (the "Deed of Indemnity").

11. The Deed of Indemnity provides, in pertinent part, as follows:

> "[Celsius Network Limited] shall, to the fullest extent permitted by law, indemnify and hold [Hanoch Goldstein] harmless on an "as incurred" basis against all legal and other costs, charges and expenses reasonably incurred or to be incurred:
>
> (a) in defending Claims including, without limitation, Claims brought by, or at the request of, [the Debtors] and any investigation into the affairs of [the Debtors] by any judicial, governmental, regulatory or other body."

*See* Deed of Indemnity at § 1.3(a).

### Indemnification Agreement

12. On June 12, 2022, Mr. Goldstein entered into that certain Indemnification Agreement with Debtor Celsius US Holding LLC and certain other existing subsidiaries party thereto (the "Indemnification Agreement").

13. The Indemnification Agreement provides, in pertinent part, as follows:

> "[Hanoch Goldstein] shall be entitled to the rights of indemnification provided in this Section 3.1(a) if, by reason of his or her Corporate Status, [Hanoch Goldstein] was, is or becomes, or was, is or becomes threatened to be made, a party to or participant in, or otherwise requires representation of counsel in connection with, any Proceeding other than a Proceeding by or in the right of each Company, as applicable. Pursuant to this Section 3.1(a), [Hanoch Goldstein] shall be indemnified to the fullest extent permitted by law against all Expenses and Losses that are actually paid or incurred by [Hanoch Goldstein], or on [Hanoch Goldstein's] behalf, in connection with any such Proceeding."

*See* Indemnification Agreement, Art. 3.1(a). Mr. Goldstein is entitled to the rights of indemnification provided for under this section and the Indemnification Agreement as a whole, given his "Corporate Status" as a current officer of the Debtors. *See* Indemnification Agreement, Art. 1 (defining the "Corporate Status" of a person, in part, as someone who was or is "a director, officer, employee, partner, member, manager, trustee, fiduciary or agent of a [Debtor] or of any other Enterprise on behalf of which such person is or was serving at the request of such [Debtor]".)

### **Indemnification Claims**

14. In connection with the Debtors' business, certain governmental and regulatory authorities, including, but not limited to, the United States Department of Justice, the Securities and Exchange Commission, the Commodity Futures Trading Commission and other certain federal and state regulatory and enforcement authorities have initiated various investigations and/or proceedings against the Debtors (the "<u>Investigations</u>").

15. Due to the Investigations, Mr. Goldstein has been required to perform certain activities arising from his role and responsibilities for the Debtors, for which he has required legal counsel.

16.     Mr. Goldstein has retained Paul Hastings LLP ("Paul Hastings") to represent him in connection with the Investigations and may incur legal fees in connection with Paul Hastings' representation in the Investigations.

17.     Mr. Goldstein hereby asserts and preserves all rights to assert any and all indemnification claims relating to the advancement or reimbursement of any and all legal and other costs, charges and expenses (including attorney's fees) incurred by Mr. Goldstein, arising from or that may arise from the LLCA, the Articles, the Deed of Indemnity and the Indemnification Agreement as applicable, including, without limitation, those incurred in connection with the Investigations or any other litigation arising, or that may arise, related to Mr. Goldstein's work or involvement with the Debtors.[2]

### Pre-Petition Compensation Claims

18.     Mr. Goldstein hereby asserts and preserves all rights to assert any and all claims for any of Mr. Goldstein's cryptocurrency or fiat assets deposited, stored, held or otherwise maintained by the Debtors including but not limited to any amounts set forth on the Debtors' schedules, or otherwise reflected in any customer accounts as of the Petition Date (the "Pre-Petition Compensation Claims"). Further information supporting the Prepetition Compensation Claims is attached hereto as **Exhibit A**.

### Supporting Documentation

19.     Mr. Goldstein understands that the Debtors are in possession of all applicable supporting documentation evidencing the obligations owing herein. As such, the LLCA, the Articles, the Deed of Indemnity and the Indemnification Agreement have not been attached hereto.

---

[2] Such claims extend to any and all legal and other costs, charges and expenses (including attorney's fees) of Paul Hastings and any other law firm currently engaged or that may be engaged in the future.

**Inquiry Notice**

20. This Proof of Claim serves, and is intended to serve, as notice of an unliquidated claim for all contingent indemnification and reimbursement claims arising from, among other things, the LLCA, the Articles, the Deed of Indemnity and the Indemnification Agreement. All interested parties are on notice of, and advised to examine, the relevant provisions of the LLCA, the Articles, the Deed of Indemnity, the Indemnification Agreement and any other related documents.

**Reservation of Rights**

21. The filing of this Proof of Claim does not constitute a concession or admission by Mr. Goldstein of any liability, of any facts or as to whether all or a portion of his claims, if any, are prepetition or postpetition claims against the Debtors and its estates. Mr. Goldstein may have claims or rights of actions against the Debtors for other amounts, liabilities, indemnities, or obligations arising from the Investigations or any other related action. Mr. Goldstein does not waive any claims or rights of action it has or may have against the Debtors or any other person or entity, including without limitation any that may arise from or in connection with the Investigations or any other related action.

22. Mr. Goldstein expressly reserves the right to amend, modify, and/or supplement this Proof of Claim at any time and in any manner for whatever reason including, without limitation, for the purpose of filing additional proofs of claim for additional claims to reflect any and all other indebtedness, liabilities, and/or obligations of the Debtors to Mr. Goldstein that may be discovered subsequent to the filing of this Proof of Claim, to categorize any claims as administrative expense priority, secured, or priority, and/or to specify the amount of Mr. Goldstein's contingent, unmatured, and/or unliquidated claims, if any, as they become non-contingent, matured, and/or liquidated. Further, Mr. Goldstein expressly reserves the right to

assert any and all other claims of whatever kind or nature Mr. Goldstein has, or may have, against the Debtors that comes to his attention or arises after the filing of this Proof of Claim, including, without limitation, any claims incurred prior to and after the filling of these chapter 11 cases, including, administrative expense claims.  In addition, Mr. Goldstein reserves the right to attach or bring forth additional documents supporting the Proof of Claim.

23. The filing of this Proof of Claim shall not be deemed or construed as: (a) a waiver or release of any such claims or Mr. Goldstein rights and remedies at law or in equity against any person, entities or property, an election of remedy, or waiver of any past, present or future defaults or events of default; (b) a concession or admission of the validity and/or amount of any claim against Mr. Goldstein, which claim, if any, Mr. Goldstein denies in all respects; (c) a waiver of any right to treatment of all or a portion of any of his Claims as a secured claim, a claim entitled to priority, or an administrative claim; (d) a waiver of any security held by Mr. Goldstein or for his benefit; (e) a consent by Mr. Goldstein to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Mr. Goldstein; (f) a consent by Mr. Goldstein to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (g) a waiver or release of Mr. Goldstein's right, in the absence of arbitration, to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (h) a waiver of the right, in the absence of arbitration, to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving Mr. Goldstein; (i) a waiver of any administrative expense claims that Mr. Goldstein

may have against the Debtors; or (j) any setoff or recoupment rights Mr. Goldstein has with respect to any claims or causes of action asserted against it by the Debtors, including without limitation, the statutory treatment of such rights pursuant to the Bankruptcy Code.

24. This Proof of Claim is in addition, and without prejudice, to any other proof of claims that have been, or will be filed in these chapter 11 cases.

<u>Notices</u>

All notices concerning this Proof of Claim should be sent to:

Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Attn:   Daniel Fliman (danfliman@paulhastings.com)
          Avi Weitzman (aviweitzman@paulhastings.com)
          Leo Tsao (leotsao@paulhastings.com)
          Avi Luft (aviluft@paulhastings.com)

<u>**Exhibit A**</u>

<u>**Pre-Petition Compensation Claims**</u>

1. **Nuke Goldstein (Personal Account)**

| Coin | Earn Account | Custody Account | Withheld Account | Collateral on Loan Receivable |
|---|---|---|---|---|
| **Bitcoin Cash (BCH)** | 0.0253451562809711 | 0 | 0 | 0 |
| **Bitcoin (BTC)** | 2.01371857750577 | 0 | 0 | 0 |
| **Celsius (CEL)** | 13706.405735373 | 10565.3004681707 | 0 | 9628852.1541166 |
| **Dai (DAI)** | 0 | 0 | 0 | 0 |
| **Dash (DASH)** | 1.46631370310785 | 0 | 0 | 0 |
| **Eos (EOS)** | 39.1927650470597 | 0 | 0 | 0 |
| **Ethereum (ETH)** | 26.5196203150538 | 0 | 0 | 0 |
| **Gemini Dollar (GUSD)** | 128.361869040277 | 0 | 0 | 0 |
| **Litecoin (LTC)** | 0.0539472697963779 | 0 | 0 | 0 |
| **Polygon (MATIC)** | 31845.2428218588 | 0 | 0 | 0 |
| **Multi-Collateral DAI (MCDAI)** | 119.092207911817 | 0 | 0 | 0 |
| **OMG Network (OMG)** | 53.1864662384342 | 0 | 0 | 0 |
| **Orbs (ORBS)** | 0 | 0 | 0 | 0 |
| **PAX (PAX)** | 128.361847707764 | 0 | 0 | 0 |
| **Songbird (SGB)** | 394.081577865327 | 0 | 0 | 0 |
| **Synthetix (SNX)** | 465.945021832348 | 0 | 0 | 0 |
| **TrueUSD (TUSD)** | 128.361932082629 | 0 | 0 | 0 |
| **USD Coin (USDC)** | 3482.84889440643 | 0.271264543898891 | 0 | 0 |
| **USDT ERC20 (USDT ERC20)** | 3.99291128342268 | 0 | 0 | 0 |
| **Wrapped Bitcoin (WBTC)** | 0.00273412096378258 | 0.000000008648917897 | 0 | 0 |
| **Stellar Lumens (XLM)** | 1073.79703450149 | 0 | 0 | 0 |
| **Ripple (XRP)** | 11.2565403303535 | 0 | 0 | 0 |
| **Zcash (ZEC)** | 0 | 0 | 0 | 0 |
| **0x (ZRX)** | 328.200118793748 | 0 | 0 | 0 |

**2. Four Thirteen, LLC (LLC account owned by Mr. Goldstein)**

| Coin | Earn Account | Custody Account | Withheld Account | Collateral on Loan Receivable |
|---|---|---|---|---|
| 1inch Network (1INCH) | 6629.83040737642 | 0 | 0 | 0 |
| AAVE (AAVE) | 419.43232946929 | 0 | 0 | 0 |
| Avalanche (AVAX) | 2172.30624214576 | 0 | 0 | 0 |
| Bitcoin (BTC) | 2.11354382933031 | 0 | 0 | 0 |
| Celsius (CEL) | 25901.4215467698 | 120.349398373357 | 0 | 0 |
| Ethereum (ETH) | 724.414712154893 | 0.000000938077467072 | 0 | 0 |
| Uniswap (UNI) | 5366.38917134176 | 0 | 0 | 0 |
| USDT ERC20 (USDT ERC20) | 0.827803413085321 | 820.506877864281 | 0 | 0 |

**3. Bits of Sunshine LLC (LLC account owned by Mr. Goldstein Trust)**

| Coin | Earn Account | Custody Account | Withheld Account | Collateral on Loan Receivable |
|---|---|---|---|---|
| Bitcoin (BTC) | 88.9881478606807 | 0 | 0 | 0 |
| Celsius (CEL) | 26484.1853614147 | 119.886826835467 | 0 | 0 |
| Ethereum (ETH) | 917.978655246162 | 0 | 0 | 0 |
| USD Coin (USDC) | 3397750.78831864 | 0 | 0 | 0 |
| Wrapped Bitcoin (WBTC) | 6.05255961916647 | 0 | 0 | 0 |

### 4. Additional Pre-Petition Compensation Claims

From the years 2017 through 2018, Mr. Goldstein, prior to the Debtors' initial coin offering ("ICO"), used his personal cryptocurrency assets to develop and test the ICO system. Such personal cryptocurrency assets were used for experimenting with various technologies and paying for "gas fees" on the Ethereum blockchain during the ICO distribution and beyond.

Mr. Goldstein's private wallet (address 0x917334942eee7c32dcccfbde975f3e0ac30efac4) was created in December 2017 and repurposed for operations by the Debtors for the ICO, taking place on April 14, 2018, and beyond.

**Blockchain Address:**

https://etherscan.io/address/0x917334942eee7c32dcccfbde975f3e0ac30efac4
https://etherscan.io/address/0x917334942eee7c32dcccfbde975f3e0ac30efac4

15.09 pf Ethereum was deposited into the account on December 4, 2017 (13 ETH) and February 16th 2018 (2.09 ETH), respectively, as recorded in the below blockchain ledger:

