**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>    v.<br><br>CELSIUS NETWORK INC., et al.,<br><br>                    Defendants. | Civil Action No. 1:23-cv-6009-DLC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALEX MASHINSKY'S MOTION TO DISMISS THE COMPLAINT**

Defendant Alex Mashinsky ("Mashinsky"), by and through his attorneys, respectfully submits this memorandum of law in support of his motion to dismiss the Complaint (ECF No. 1), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To avoid duplicative briefing, Mashinsky joins in the arguments raised in Section 2(A)(4) and Section III of the Memorandum of Law in Support of Defendant Hanoch "Nuke" Goldstein's Motion to Dismiss (ECF No. 41). For the reasons set forth therein, Plaintiff's claims against Mashinsky under the Federal Trade Commission Act ("FTCA") in Counts I and II of the Complaint and under the Gramm-Leach-Bliley Act ("GLBA") in Count III of the Complaint should be dismissed in their entirety.

First, as set forth in Goldstein's Motion to Dismiss Section III(A)(1) Plaintiff's FTCA claims fail because Plaintiff does not allege a violation of an FTC Rule.  In addition, Plaintiff is not entitled to monetary relief under the FTCA, *see AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341, 1348 (2021), and its claim for injunctive relief under the FTCA similarly fails.  Mashinsky incorporates by reference the legal standard and arguments set forth in Section III(B) of Goldstein's Motion to Dismiss.  Specific to Mashinsky, in addition to the fact that Celsius is in bankruptcy and entered into a settlement agreement with the FTC (*see* pp. 23-25 of Goldstein Motion to Dismiss), the Complaint cannot substantiate a claim that Mashinsky "is violating" or is "about to violate" the law because Mashinsky resigned from his position as CEO of Celsius in September 27, 2023, *see* Compl. ¶20.

Further, Plaintiff's GLBA claim fails under Rule 8 and Rule 12(b)(6) because the Complaint fails to allege that any alleged misstatement constituted a violation of the GLBA or that there was a violation of an applicable rule.  As set forth in Section 2(A)(4) of Goldstein's Motion to Dismiss, and as applied to Mashinsky, the allegations do not support a claim that

Mashinsky made knowingly made a misstatement to fraudulently obtain customer information from a financial institution, as required to state a claim under the GLBA. Additionally, Mashinsky joins in Section III(A)(2) of Goldstein's Motion to Dismiss, which establishes that the FTC has not stated a claim for monetary relief under the GLBA.

Accordingly, the Court should grant Mashinsky's motion and dismiss the Complaint against him in its entirety.

Dated: September 11, 2023
White Plains, New York

YANKWITT LLP

By: _____
Benjamin R. Allee
Jonathan Ohring
Cassandra M. Vogel
140 Grand Street, Suite 705
White Plains, NY 10601
Tel.:   (914) 686-1500
benjamin@yankwitt.com
jonathan@yankwitt.com
cassandra@yankwitt.com
*Attorneys for Alex Mashinsky*