UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>CELSIUS NETWORK INC., *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-6009-DLC |

**JOINT RULE 26(f) REPORT**

Plaintiff Federal Trade Commission ("FTC") and Defendants Hanoch Goldstein, S. Daniel Leon, and Alexander Mashinsky ("Individual Defendants" and, collectively with the FTC, the "parties"), by and through counsel, jointly submit the following Rule 26(f) Report.

The parties conducted the Rule 26(f) conference via Microsoft Teams videoconference on August 30, 2023. The parties discussed all of the matters outlined in Rule 26(f) and Rule 16(c)(2) during that conference. Present for the conference were FTC counsel Katherine Aizpuru, Katherine Worthman and Sam Jacobson; Avi Weitzman and Leo Tsao of Paul Hastings LLP on behalf of Mr. Goldstein; William Regan, Allison Wuertz, and Maya Jumper of Hogan Lovells LLP on behalf of Mr. Leon; and Benjamin Allee and Cassandra Vogel of Yankwitt LLP on behalf of Mr. Mashinsky.

**A.    Rule 26(f)(3)(A). What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Department of Justice ("DOJ") has filed an unopposed motion to intervene in this action and seek a stay of discovery while the Court considers any motions to dismiss that the Individual Defendants may file. *See* Dkt. 35. The parties agree to meet and confer promptly, if

necessary, following resolution of motions to dismiss to discuss completion of fact discovery. The FTC and Defendants Leon and Goldstein propose that the parties file a joint proposed discovery schedule within 14 days of the resolution of all motions to dismiss filed by the Individual Defendants. Defendant Mashinsky proposes that the parties file a joint proposed discovery schedule within 30 days of the resolution of all motions to dismiss filed by the Individual Defendants.

The parties stipulate to adjourn the exchange of initial disclosures pending resolution of DOJ's motion. Should the motion be granted, the parties will propose a date for the exchange of initial disclosures in their discovery plan following resolution of all motions to dismiss. Otherwise, the parties will exchange initial disclosures within seven days of an order denying DOJ's requested stay.

**B.     Rule 26(f)(3)(B). The subjects on which discovery will be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

   1.     **Subjects of Discovery**

*The FTC's position:* The FTC anticipates the subjects of discovery will include: (1) the business practices of Celsius Network LLC and its affiliates (collectively, "Celsius"); (2) the Individual Defendants' duties and responsibilities during their employment at Celsius; (3) the Individual Defendants' knowledge of Celsius's deceptive and unfair conduct alleged in the Complaint; (4) the Individual Defendants' ability to control Celsius's conduct; (5) the amount of consumer harm; and (6) the appropriate remedy.

Apart from the discovery stay that DOJ has sought, the FTC's position is that discovery should not be conducted in phases or limited to or focused on particular issues. The FTC's position is that subpoenas and discovery requests should be served sufficiently in advance of the discovery completion deadline such that all responses or objections will be due on or before that

date, and that the close of fact discovery should not preclude requests for admission regarding the authentication and admissibility of exhibits.

The FTC's position is that parties who produce discovery should produce a copy of the discovery to all parties. If a non-party produces discovery to a party, the receiving party should provide a copy of the discovery to all other parties within three business days of receipt by the side initiating the discovery request; except that if a non-party produces materials that are not Bates-stamped, the party receiving the materials may Bates-stamp them before producing a copy to the other parties and shall produce the documents or electronically stored information in a reasonable time.

***Defendant Leon's and Goldstein's positions:*** Defendant S. Daniel Leon and Hanoch Goldstein anticipate the following subjects of discovery may be needed in connection with the action: (1) discovery relating to the business activities of the corporate Celsius Defendants; (2) discovery relating to the corporate structure, roles, and responsibilities of executives, officers, and employees in connection with the business activities of the corporate Celsius Defendants; (3) discovery relating to representations allegedly made by Defendants in connection with the business activities of the corporate Celsius Defendants; (4) discovery relating to any alleged damages resulting from the alleged acts of Defendants in connection with the business activities of the corporate Celsius Defendants; and (5) discovery concerning related actions, investigations, or settlements relating the allegations, claims or defenses asserted in the Complaint.

Defendants Leon and Goldstein propose a phased discovery schedule, which would allow document discovery to be completed prior to the completion of fact depositions, followed by expert discovery and depositions.

*Defendant Mashinsky's position:* Mashinsky anticipates substantive discussion of subjects of discovery will take place, if necessary, promptly after resolution of motions to dismiss.

### 2. Completion of Fact Discovery

See Section A above.

### 3. Completion of Expert Discovery

See Section A above.

**C. Rule 26(f)(3)(C). Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties anticipate that the scope of discovery will encompass Electronically Stored Information ("ESI"). The parties will request ESI in a format or formats that facilitate efficient review. The parties are aware of and understand their preservation obligations.

**D. Rule 26(f)(3)(D). Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under Fed. R. Evid. 502.**

*FTC's Position:* The FTC's position is that that the following privileged or otherwise protected communications should be excluded from the privilege logs:

(a) any documents or communications sent solely among any Individual Defendant's counsel or any persons employed or retained by such counsel;

(b) any documents or communications sent solely among FTC counsel or persons employed or retained by the FTC for the purpose of this litigation or the pre-Complaint investigations;

4

(c) non-responsive privileged documents attached to responsive documents; however, when privileged documents that are attached to responsive documents are withheld from production, the parties will insert a placeholder to indicate a document has been withheld from that family; and

(d) draft litigation filings and documents.

The FTC's position is that privilege logs should be served no later than 45 days after each production unless otherwise agreed, and that the parties reserve all rights to challenge any privilege claims, whether described on logs previously produced or otherwise. The FTC anticipates negotiating an agreement for handling the disclosure of communications or documents under Fed. R. Evid. 502.

*Defendant Leon's and Goldstein's Position:* See above, except that Defendants Leon's and Goldstein's position is that privilege logs should be served 45 days after the completion of document discovery and that subpart (d) above should state "draft litigation filings."

*Defendant Mashinsky's Position:* Mashinsky's position is that the parties should meet and confer promptly, if necessary, following resolution of motions to dismiss to discuss any issues about claims of privilege or of protection as trial-preparation materials.

**E.    Rule 26(f)(3)(E). What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

*FTC's Position:* Apart from the stay sought by DOJ, no changes or limitations to those imposed under the Federal Rules of Civil Procedure or by local rule should be imposed.

*Defendant Leon's Position:* See above.

*Defendant Mashinsky's Position:* Defendant Mashinsky's position is that the parties should meet and confer promptly, if necessary, following resolution of motions to dismiss to discuss what changes should be made in the limitations on discovery.

*Defendant Goldstein's Position:* Agree with FTC position.

F.     **Rule 26(f)(3)(F). Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

G.     **Other matters.**

1.     **Settlement.** The FTC has discussed settlement with the Individual Defendants.

2.     **Magistrate Judge.** The parties do not consent to proceed before a magistrate judge.

3.     **Joinder of Parties and Amendment of Pleadings.** The parties propose November 10, 2023 as the final date by which parties may be joined or pleadings amended, unless otherwise agreed or ordered by the Court.

4.     **Service of Pleadings and Discovery.** The parties agree that service of all documents and pleadings shall be made by email or FTP to counsel of record for each party, except when the volume of attachments requires overnight delivery or personal delivery, in which case service shall be made to the following individuals designated by the parties for each side noted below:

**For Plaintiff Federal Trade Commission:**

Katherine Aizpuru
Katherine Worthman
Federal Trade Commission
Bureau of Consumer Protection – Division of Financial Practices
600 Pennsylvania Avenue NW
Mail Stop CC 10232
Washington, D.C. 20870
kaizpuru@ftc.gov

6

kworthman@ftc.gov
Tel: 202-876-5673 (Aizpuru); 202-326-2929 (Worthman)

**For Defendant Hanoch Goldstein:**

Avi Weitzman
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
aviweitzman@paulhastings.com
Tel: 212-318-6920

Leo Tsao
Paul Hastings LLP
2050 M Street NW
Washington, D.C. 20036
leotsao@paulhastings.com
Tel: 202-551-1910

**For Defendant S. Daniel Leon:**

William M. Regan
Allison M. Wuertz
Maya S. Jumper
HOGAN LOVELLS US LLP
390 Madison Ave.
New York, NY 10017
(212) 918-3000
william.regan@hoganlovells.com
allison.wuertz@hoganlovells.com
maya.jumper@hoganlovells.com

**For Defendant Alexander Mashinsky:**

Benjamin Allee
Cassandra M. Vogel
Jonathan Ohring
Yankwitt LLP
140 Grand Street
White Plains, New York 10601
benjamin@yankwitt.com
cassandra@yankwitt.com
jonathan@yankwitt.com

Dated:  September 13, 2023               Respectfully submitted,

   /s/ Katherine M. Aizpuru
Katherine M. Aizpuru
Katherine Worthman
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop: CC 6316
Washington, D.C. 20580
202-876-5673
kaizpuru@ftc.gov;
kworthman@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Allison M. Wuertz
Allison M. Wuertz
William M. Regan
Maya S. Jumper
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T: (212) 918-3000
F: (212) 918-3100
E: allison.wuertz@hoganlovells.com
william.regan@hoganlovells.com
maya.jumper@hoganlovells.com

*Attorneys for Defendant S. Daniel Leon*

/s/ Benjamin Allee
Benjamin Allee
Cassandra M. Vogel
Jonathan Ohring
YANKWITT LLP
140 Grand Street
White Plains, New York 10601
benjamin@yankwitt.com
cassandra@yankwitt.com
jonathan@yankwitt.com

*Attorneys for Defendant Alexander Mashinsky*

*/s/ Avi Weitzman*
Avi Weitzman
Leo Tsao
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Tel: 212-318-6920
aviweitzman@paulhastings.com
leotsao@paulhastings.com

*Attorneys for Defendant Hanoch Goldstein*

**CERTIFICATION**

The undersigned hereby certifies that all counsel whose /s/ signature appears on the foregoing document have consented to the use of their /s/ signature.

Dated: September 13, 2023

*/s/ Katherine M. Aizpuru*
Katherine M. Aizpuru
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon all parties that have entered an appearance in this matter via the Court's CM/ECF system.

Dated: September 13, 2023

*/s/ Katherine M. Aizpuru*
Katherine M. Aizpuru
Counsel for Plaintiff