# EXHIBIT G

ORIGINAL

WILLIAM BLUMENTHAL
General Counsel
TRACY S. THORLEIFSON
KIAL S. YOUNG
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
(206) 220-6350 (tel.)
(206) 220-6366 (fax)

MATTHEW H. MEAD
United States Attorney
CAROL A. STATKUS
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming 82003-0668
(307) 772-2124 (tel.)
(307) 772-2123 (fax)

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY - 1 2006

Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ACCUSEARCH, INC. d/b/a Abika.com, and<br>JAY PATEL,<br>Defendants. | No. **06CV0105 D** |

## COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC"), by its undersigned attorneys, for its

complaint alleges:

1. The FTC brings this action pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure permanent injunctive relief, rescission of contracts, restitution, disgorgement of ill-gotten gains, and other equitable relief against Defendants for violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in connection with surreptitiously obtaining and selling confidential customer phone records without the customer's knowledge or authorization.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue in the District of Wyoming is proper under 28 U.S.C. §§1391(b) and (c), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. Plaintiff FTC is an independent agency of the United States Government created by the FTC Act, 15 U.S.C. §§ 41 *et seq.* The FTC is charged, *inter alia*, with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC may initiate federal district court proceedings, through its attorneys, to enjoin violations of the FTC Act, and to secure such other equitable relief, including rescission of contracts and restitution, and disgorgement of ill-gotten gains, as may be appropriate in each case. 15 U.S.C. § 53(b).

## DEFENDANTS

5. Defendant Accusearch, Inc. ("ASI"), is a Wyoming corporation with its principal place of business located at 6812 Lupine Trail, Cheyenne, Wyoming. ASI also does business as Abika.com. ASI transacts or has transacted business in this district.

6. Defendant Jay Patel is the sole officer and director of ASI. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, or participated in the acts and practices set forth in this complaint. He resides in and transacts or has transacted business in this district.

## COMMERCE

7. At all times material herein, Defendants have maintained a course of trade in or affecting commerce, as commerce is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## BACKGROUND ON CUSTOMER PROPRIETARY NETWORK INFORMATION

8. The Telecommunications Act of 1996 defines "customer proprietary network information" to mean:

> (A) information that relates to the quantity, technical configuration, type, destination, location, and amount of use of a telecommunications service subscribed to by any customer of a telecommunications carrier, and that is made available to the carrier by the customer solely by virtue of the carrier-customer relationship; and (B) information contained in the bills pertaining to telephone exchange service or telephone toll service received by a customer of a carrier,

47 U.S.C. § 222(h)(1), which includes, but is not limited to, telephone call detail records (hereinafter referred to as "customer phone records"). The Telecommunications Act further provides that

> [e]xcept as required by law or with the approval of the customer, a telecommunications carrier that receives or obtains customer proprietary network information by virtue of its provision of a telecommunications service shall only use, disclose, or permit access to individually identifiable customer proprietary network information in its provision of (A) the telecommunications service from which such information is derived, or (B) services necessary to, or used in, the provision of such telecommunications service, including the publishing of directories.

47 U.S.C. § 222(c)(1). The Telecommunications Act further provides that customer phone records may only be disclosed "upon affirmative written request by the customer, to any person designated by the customer." 47 U.S.C. § 222(c)(2).

## DEFENDANTS' BUSINESS PRACTICES

9. Since at least 2004, Defendants have advertised over the World Wide Web that they can obtain confidential customer phone records from telecommunications carriers and make such information available to their clients for a fee. For a fee, Defendants have offered to obtain "Details of incoming or outgoing calls from any phone number, prepaid calling card or Internet Phone. Phone searches are available for every country of the world."

10. The account holders have not authorized the Defendants to obtain access to or sell their confidential customer phone records. Instead, to obtain such information, Defendants have used, or caused others to use, false pretenses, fraudulent statements, fraudulent or stolen documents or other misrepresentations, including posing as a customer of a telecommunications

carrier, to induce officers, employees, or agents of telecommunications carriers to disclose confidential customer phone records. Defendants have sold the confidential customer phone records that they have obtained to their clients.

11. The invasion of privacy and security resulting from obtaining and selling confidential customer phone records without the consumers' authorization causes substantial harm to consumers and the public, including, but not limited to, endangering the health and safety of consumers. Consumers cannot reasonably avoid these injuries because Defendants' practices are entirely invisible to them. The harm caused by Defendants' unauthorized access to and disclosure of confidential customer phone records is not outweighed by countervailing benefits to consumers or to competition.

## DEFENDANTS' VIOLATIONS OF THE FTC ACT

### COUNT ONE

12. As described in paragraphs 9 through 11, Defendants, directly or through their employees or agents, have obtained and sold to third parties confidential customer proprietary network information without the knowledge or consent of the customer.

13. Defendants' practices in obtaining and selling to third parties confidential customer phone records have caused or are likely to cause substantial injury to consumers that is not reasonably avoidable by consumers and is not outweighed by countervailing benefits to consumers or competition.

14. Therefore, Defendants' practices, as alleged in paragraphs 12 and 13, constitute an unfair practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

15. Consumers throughout the United States have suffered, or are likely to suffer, substantial injury as a result of the Defendants' unlawful acts and practices. In addition, Defendants have been unjustly enriched as a result of their unlawful acts and practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

16. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief, including rescission of contracts and restitution, and the disgorgement of ill-gotten gains, to prevent and remedy any violations of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Federal Trade Commission, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that this Court:

    a. Permanently enjoin Defendants from violating the FTC Act, as alleged herein;

b.  Award such equitable relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including, but not limited to, rescission of contracts and restitution, and disgorgement of ill-gotten gains by Defendants; and

c.  Award Plaintiff the costs of bringing this action and such other equitable relief as the Court may determine to be just and proper.

DATED this 27 day of April, 2006

        WILLIAM BLUMENTHAL
        General Counsel

        *Tracy S. Thorleifson*
        TRACY S. THORLEIFSON
        KIAL S. YOUNG
        Federal Trade Commission

        MATTHEW H. MEAD
        United States Attorney

By: *Carol A. Statkus*
        CAROL A. STATKUS
        Assistant United States Attorney

Attorneys for Plaintiff