## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                     Plaintiff,<br><br>        v.<br><br>CELSIUS NETWORK INC., a corporation, CELSIUS NETWORK LLC, a limited liability company, CELSIUS NETWORKS LENDING LLC, a limited liability company, CELSIUS LENDING LLC, a limited liability company, CELSIUS KEYFI LLC, a limited liability company, CELSIUS MINING LLC, a limited liability company, CELSIUS US HOLDING LLC, a limited liability company; CELSIUS US LLC, a limited liability company; CELSIUS MANAGEMENT CORP., a corporation;<br><br>ALEXANDER MASHINSKY, individually and as an officer of Celsius Network Inc., Celsius Network LLC, Celsius Networks Lending LLC, Celsius Lending LLC, Celsius KeyFi LLC, Celsius Mining LLC, and Celsius US Holding LLC;<br><br>SHLOMI DANIEL LEON, individually and as an officer of Celsius Network Inc., Celsius Network LLC, Celsius Networks Lending LLC, Celsius Lending LLC, Celsius KeyFi LLC, Celsius Mining LLC, Celsius US Holding LLC; and<br><br>HANOCH "NUKE" GOLDSTEIN, individually and as an officer of Celsius Network LLC and Celsius Lending LLC,<br><br>                     Defendants. | Case No. 1:23-cv-06009-DLC |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT S. DANIEL LEON'S MOTION TO DISMISS THE COMPLAINT

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ...........................................................................................................2

I.    The FTC Ignores and Misrepresents the Applicable Second Circuit Authority on Rule 9(b). ...............................................................................2

II.    The FTC Fails to State Claims Against Mr. Leon Under the FTC Act. ..................4

A.    Mr. Leon Did Not Control the Alleged Misrepresentations or Misuse of Consumer Deposits ................................................................. 4

B.    Neither the Complaint Nor the Opposition Provides Facts Showing That Mr. Leon Made Misrepresentations or Misappropriated Assets ........................................................................................................ 6

C.    Mr. Leon Did Not Possess the Requisite Knowledge of the Alleged Misrepresentations and Misappropriation.................................... 7

III.    The FTC Cannot Cure Its Failure to Adequately Plead a Claim of Individual Liability Against Mr. Leon Under the GLBA. .......................................7

IV.    Judicial Notice of the Bankruptcy Court Record Is Appropriate.............................9

V.    The Complaint Does Not Establish a Legal Basis for Injunctive or Monetary Relief. ......................................................................................10

A.    The FTC Fails to Make the Requisite Showing to Warrant Injunctive Relief Under Section 13(b). .......................................................10

B.    The FTC Is Not Entitled to Monetary Relief for a Violation of the GLBA under Section 19........................................................................ 10

CONCLUSION.....................................................................................................100

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Celsius Network LLC*,
  No. 22-10964 (Bankr. S.D.N.Y. Oct. 5, 2022) ........................................................................9

*Devane v. L'Oreal USA, Inc.*,
  No. 19 Civ. 4362, 2020 WL 5518484 (S.D.N.Y. Sept. 14, 2020) ...........................................3

*F.T.C. v. J.K. Publ'ns, Inc.*,
  99 F. Supp. 2d 1176 (C.D. Cal. 2000) .....................................................................................5

*F.T.C. v. RCG Advances, LLC*,
  No. 20 Civ. 4432, 2023 WL 6281138 (S.D.N.Y. Sept. 27, 2023) ...................................4, 8, 9

*FTC v. Moses*,
  913 F.3d 297 (2d Cir. 2019) .....................................................................................................7

*FTC v. Shkreli*,
  581 F. Supp. 3d (S.D.N.Y. 2022) ...........................................................................................10

*Hughes v. Ester C Co.*,
  930 F. Supp. 2d 439 (E.D.N.Y. 2013) ......................................................................................3

*Rider v. Uphold HQ Inc.*,
  No. 22CV1602 (DLC), 2023 WL 2163208 (S.D.N.Y. Feb. 22, 2023) .....................................6

*Rombach v. Chang*,
  355 F.3d 164 (2d Cir. 2004) .....................................................................................................3

*Utts v. Bristol-Myers Squibb Co.*,
  226 F. Supp. 3d 166 (S.D.N.Y. 2016) (Cote, J.) ......................................................................3

**Statutes**

15 U.S.C. § 53(b) .............................................................................................................................10

15 U.S.C. § 6821 ................................................................................................................................8

**Other Authorities**

Federal Rule of Civil Procedure 8(a) .......................................................................................1, 2, 4

Federal Rule of Civil Procedure 9(b) ...................................................................................1, 2, 3, 4

Defendant S. Daniel Leon submits this Reply Memorandum of Law in Support of his Motion to Dismiss the Complaint (the "Motion") ECF No. 57.

## PRELIMINARY STATEMENT

In his Moving Brief,[1] Mr. Leon demonstrated that: (1) the FTC's Complaint is required to meet the particularity standard in Federal Rule of Civil Procedure 9(b); and (2) the Complaint failed to do so. The Opposition does not cure these defects. First, the FTC argues that the more lenient standard in Rule 8(a) applies to the Complaint, rather than the more rigorous standard of Rule 9(b) because, according to the FTC, the Complaint does not allege fraud claims and, in any event, FTC claims are treated differently. The FTC is wrong in two ways: (1) it misconstrues the cases it cites to show that FTC claims are treated differently; and (2) it puts forward the wrong test to determine whether claims are subject to Rule 9(b). The proper analysis – that applies to FTC claims and others – is whether the claims sound in fraud, regardless of whether they contain "fraud" or "misrepresentation" in their names. Ironically, despite the FTC's protestations that it is not asserting fraud claims, it alleges claims whose titles include the words "deception," "misappropriating," "false," and "fraudulent."

Second, the Opposition does not cure the dearth of facts asserted in the Complaint against Mr. Leon. Nothing in the Opposition changes the fact that just eight paragraphs in the Complaint mention Mr. Leon. Nothing in the Opposition identifies facts in the Complaint that show that Mr. Leon made misleading statements or misused funds. And nothing in the Opposition remedies the Complaint's failure to allege how Mr. Leon – as opposed to the other Defendants – controlled Celsius' purported acts. For the reasons set forth in the Moving Brief and below, the FTC's Complaint must be dismissed.

---

[1]     References to the "Moving Brief" are to Mr. Leon's Memorandum of Law in Support of his Motion to Dismiss the Complaint (the "Motion"), ECF No. 58.

## ARGUMENT

I.    **THE FTC IGNORES AND MISREPRESENTS THE APPLICABLE SECOND CIRCUIT AUTHORITY ON RULE 9(B).**

Federal Rule of Civil Procedure 9(b)—not 8(a)—applies to all of the FTC's claims against Mr. Leon, which not only sound in fraud as a general matter, but on their face allege fraudulent conduct, intentional misrepresentations, and purposefully deceptive conduct.  In its Opposition, the FTC ignores this Court's prior precedent and argues for a Rule 8(a) review by misrepresenting Second Circuit precedent regarding the application of Rule 9(b) in FTC cases.  *See* Opp. at 11-13.  Contrary to the FTC's contention, courts in this Circuit evaluate claims sounding in fraud, like those asserted by the FTC here, under Rule 9(b), not Rule 8(a).  The FTC cites to three cases in an attempt to show that FTC complaints are handled differently in the Second Circuit.  *See* Opp. at 12.  None is on point.  In *F.T.C. v. Tax Club, Inc.*, the defendant failed to argue the applicability of Rule 9(b) in its initial memorandum of law, so the court did not meaningfully address the issue.  994 F. Supp. 2d 461, 471 n.1 (S.D.N.Y. 2014) ("[A] court need not consider arguments . . . raised for the first time in a reply brief.").  Furthermore, the *Tax Club* defendants only relied upon *F.T.C. v. Consumer Health Benefits Association* (as does the Opposition), which itself is inapposite.  There, the district court adopted a magistrate judge's ruling that Rule 9(b) did not apply on "law of the case" grounds without substantial additional analysis.  *See Consumer Health Benefits Ass'n*, No. 10 Civ. 3551 ILG RLM, 2012 WL 1890242, at *6 (E.D.N.Y. May 23, 2012).  When the district court did briefly discuss whether Rule 9(b) would apply to the claims at issue, it did so in dicta.  *See id.* at *7.  Finally, *F.T.C. v. Medical Billers Network, Inc.* similarly discussed the applicability of Rule 9(b) only in dicta, and the defendants, like those in *Tax Club*, failed to raise this argument in their initial motion to dismiss. 543 F. Supp. 2d 283, 314 (S.D.N.Y. 2008).

Subsequent authority demonstrates that courts routinely apply Rule 9(b) to claims analogous to Section 5 of the FTC Act.  *See, e.g.*, *Devane v. L'Oreal USA, Inc.*, No. 19 Civ. 4362, 2020 WL 5518484, at *4 (S.D.N.Y. Sept. 14, 2020) (applying Rule 9(b) to claims under Alabama's deceptive practice statute); *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 459 (E.D.N.Y. 2013) (applying Rule 9(b) to claims of false advertising and misrepresentation).

The FTC also proffers the wrong test to determine whether Rule 9(b) applies.  *See* Opp. at 12 (quoting *Consumer Health Benefits Ass'n*, 2012 WL 1890242, at *7) (claiming that Rule 9(b) applies only where a claim is specifically identified as a fraud claim or where scienter is an essential element).  The Second Circuit has rejected this standard.  The application of Rule 9(b) does not turn on whether the cause of action is denominated as "fraud," or whether scienter or wrongful intent is a required element of the claim.  Instead, consistent with the plain text of the rule, Rule 9(b) applies to any pleading that "sounds in fraud."  *See Utts v. Bristol-Myers Squibb Co.,* 226 F. Supp. 3d 166, 189 (S.D.N.Y. 2016) (Cote, J.); *see also Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004).  Here, the FTC's allegations no doubt sound in fraud.  The gravamen of the Complaint is that Defendants knowingly and purposefully misled investors and customers as to the security of their deposits, the availability of withdrawals, and the financial condition of Celsius.  *See* Compl. ¶¶ 3, 5, 10, 28, 33, 42, 69, 94-96, 98, 100, 104, 107, 110, 113 112.  Indeed, Count I is titled "Deception," Count II accuses Defendants of "Misappropriating" assets, and Count III asserts that Defendants used "False, Fictitious, or Fraudulent Statements."  If the FTC's Complaint does not sound in fraud, no complaint does.  For the reasons stated above and in the Moving Brief, the FTC's claims here are governed by Rule 9(b)'s rigorous standard.[2]

---

[2]  Further, the FTC's threadbare allegations fail to meet even Rule 8(a)'s lenient pleading standard, which Mr. Leon specifically addresses in his Moving Brief, *see* Mov. Br. at 28, n.16, despite the FTC's false claim otherwise, *see* Opp. at 13, n.2.

**II.      THE FTC FAILS TO STATE CLAIMS AGAINST MR. LEON UNDER THE FTC ACT.**

In its Opposition, the FTC points to the same general and conclusory allegations in its Complaint that, despite repetition, still fail to adequately allege that Mr. Leon violated the FTC Act.  Instead, the FTC doubles down on its position that the undifferentiated allegations made against the Defendants as a whole suffice.  *See, e.g.*, Opp. at 18.  Recognizing that such an approach is inconsistent with Rule 9(b), the FTC attempts to make the most of the handful of allegations in the Complaint that actually reference Mr. Leon by name.  But these scant allegations are inadequate to allege individual liability under the FTC Act as to Mr. Leon.

The facts alleged in the Complaint, even if true, do not establish a claim for relief under Section 5 of the FTC Act for deceptive or unfair practices as against Mr. Leon.  In order to allege individual liability for a violation of the FTC Act, the FTC must demonstrate that:  (1) Mr. Leon directly participated in wrongful acts or had the authority to control them; and (2) knew of the misrepresentations, was recklessly indifferent to the falsity of the statements at issue, or knew about a high probability of fraud and intentionally avoided the truth.  *See, e.g., F.T.C. v. RCG Advances, LLC*, No. 20 Civ. 4432, 2023 WL 6281138, at *6 (S.D.N.Y. Sept. 27, 2023).  Neither the Complaint nor the Opposition identifies facts establishing these elements.[3]

**A.      Mr. Leon Did Not Control the Alleged Misrepresentations or Misuse of Consumer Deposits.**

Mr. Mashinsky, as the CEO and managing owner of Celsius, controlled the allegedly deceptive and unfair practices at issue.  *See* Mov. Br. at 10-14.  In fact, the Complaint and Opposition tacitly admit that Mr. Mashinsky (not Mr. Leon) controlled Celsius.  *See, e.g.*, Compl. ¶¶ 20, 31-32; Opp. at 22.  While the Complaint alleges "dozens of damning facts about

---

[3]      The FTC's cited allegations in support of its unfair practices claim do not adequately allege "substantial injury to consumers" and further evidence the insufficiency of the allegations asserted in support of Count Two of its Complaint. *See* Opp. at 14-17.

[Mr.] Mashinsky," Opp. at 20, there is not a <u>single</u> allegation in the Complaint demonstrating how Mr. Leon controlled Celsius's alleged misrepresentations or misuse of customer funds.  The closest the Complaint comes is when it claims that "[a]cting alone or in concert with others, [Mr. Leon] has . . . controlled, had the authority to control, or participated in the acts and practices of Celsius, including the acts and practices set forth in this Complaint."  Compl. ¶ 21.  That is it. Nothing more.  The Complaint is hardly "replete with facts showing [Mr.] Leon's active involvement in corporate affairs for the common enterprise," as the FTC claims.  Opp. at 19. Furthermore, this Court is under no obligation to adopt the FTC's threadbare conclusions as well-pled allegations of fact.  *See* Mov. Br. at 14.

Fundamentally, the FTC does not offer facts showing what exactly Mr. Leon "controlled" or how he "controlled" Celsius's or Mr. Mashinsky's representations or conduct.  *See* Compl. ¶ 31 ("Since at least 2019, . . . Mr. Mashinsky made many of the [alleged] representations <u>independently</u>."); *see also id*., ¶¶ 32, 35 (further describing how Mr. Mashinsky controlled Celsius).

Nor is Mr. Leon's former status as an officer of Celsius – alone – sufficient to support a claim.  The FTC argues that, because Mr. Leon "held numerous officer positions, served on committees, and was involved in the decision to freeze accounts," he automatically controlled the Company.  *See* Opp. at 20.  However, general allegations regarding a defendant's status as a corporate officer are not enough, on their own, to establish control.  *See, e.g.*, *F.T.C. v. J.K. Publ'ns, Inc.*, 99 F. Supp. 2d 1176, 1208 (C.D. Cal. 2000).  The FTC must offer facts beyond Mr. Leon's mere status as a Celsius officer or committee member to plead actual control.

**B.**     **Neither the Complaint nor the Opposition Provides Facts Showing That Mr. Leon Made Misrepresentations or Misappropriated Funds.**

The Opposition confirms what was already clear from the Complaint: Mr. Leon did not participate directly in the misrepresentations or misappropriation alleged. Attempting to paper over this hole in its pleading, the FTC argues that "[a]s a board member, [Mr.] Leon was directly involved in the decision to freeze consumer accounts on June 12, 2022." Opp. at 21. Even if true, Mr. Leon's involvement in the decision to "freeze consumer accounts" does not demonstrate participation in the misrepresentations or misuse pled by the FTC. *See* Compl. ¶ 33; *see also* Opp. at 21-22. Further, any decision Celsius made to freeze withdrawals does not show that <u>Mr. Leon</u> engaged in fraudulent misconduct. And mere attendance at routine board meetings does not amount to direct participation in the Company's decision-making. *See Rider v. Uphold HQ Inc.*, No. 22CV1602 (DLC), 2023 WL 2163208, at *8 (S.D.N.Y. Feb. 22, 2023). If that were the standard, every committee or board member might be liable under the FTC Act.

The Opposition also relies over and over on the same handful of paragraphs in the Complaint that mention Mr. Leon. According to the Complaint, Mr. Leon appeared in a single AMA video, re-tweeted a link to a single Celsius blog post, "helped craft" some part of the same blog post, and purportedly "participated" in the Company's decision to freeze withdrawals. Opp. at 21 (citing Compl, ¶¶ 32, 44, 81-82). But that is all the FTC could point to in the Complaint— even after a lengthy investigation that provided it access to documents an average plaintiff would not have. These few facts, even if true, do not amount to a violation of the FTC Act. Indeed, the FTC does not dispute that Mr. Mashinsky made the alleged misstatement in the AMA video in which Mr. Leon appeared. *Id*. ¶ 35. The FTC's Complaint does not say what Mr. Leon allegedly did to "help craft" the blog post at issue. Nor does the FTC explain how re-tweeting a link to one blog post (without comment) is misconduct. Finally, the FTC claims that it "alleged

that [Mr.] Leon was involved in the decision to capture cryptocurrency on Celsius's platform"
without a single citation to its Complaint, *see* Opp. at 21. These vague and unsupported
allegations are insufficient under any pleading standard.

C.   **Mr. Leon Did Not Possess the Requisite Knowledge of the Alleged Misrepresentations and Misappropriation.**

Even if the FTC adequately alleged that Mr. Leon controlled the supposed
misrepresentations or somehow directly participated in their dissemination or the alleged misuse
of funds, the FTC still is unable to allege knowledge of the practices at issue. Indeed, the FTC's
own authority supports this point. *See* Opp. at 22 (citing *F.T.C. v. Moses*, 913 F.3d 297, 309 (2d
Cir. 2019) ("The <u>degree of participation in business affairs is a relevant factor</u> in determining
whether [a defendant] had knowledge of the Corporate Defendants' wrongful actions.")
(emphasis added). The Complaint fails to allege that Mr. Leon meaningfully participated in
Celsius's business affairs regarding the alleged misrepresentations or misappropriation at issue.
Nor does the Complaint allege particularized facts showing that Mr. Leon purportedly knew: (i)
Mr. Mashinsky's statements were false; (ii) Celsius was financially insolvent; and (iii) Celsius
supposedly misappropriated funds. *See* Opp at 22.[4] Because it does not do so, the Complaint
does not sufficiently plead this element against Mr. Leon.

III.   **THE FTC CANNOT CURE ITS FAILURE TO ADEQUATELY PLEAD A CLAIM OF INDIVIDUAL LIABILITY AGAINST MR. LEON UNDER THE GLBA.**

The FTC has not adequately alleged a claim of individual liability under the GLBA
against Mr. Leon. Notably, at no point in the Opposition does the FTC cite any factual assertion
in the Complaint that alleges the requisite nexus between Mr. Leon's conduct and Celsius's

---

[4]    The FTC does not even attempt to distinguish Mr. Leon's cited authority beyond a single blanket comment. *See id*. at 23 ("His remaining cases are immaterial because, unlike in those cases, the FTC has made specific allegations bearing on Leon's culpability.").

supposed acquisition of consumer financial information through false statements.  Instead, the
FTC continues to reference acts conducted by "Celsius" and "Defendants" rather than by Mr.
Leon.  *See* Opp. at 17-18.  The FTC's attempt to impute every alleged act by "Celsius" or the
"Defendants" to Mr. Leon contravenes the very concept of <u>individual</u> liability under the statute.[5]

The FTC also attempts to cherry-pick from the Court's decision in *RCG Advances, LLC*
to prop up its deficient pleading.  First, the FTC acknowledges the individual liability standard
adopted in *RCG Advances*, yet asks this Court to overlook the absence of particularized facts
relating to Mr. Leon and apply its contrived "liability by corporate association" standard instead.
*See* Opp. at 17.  Without a showing of direct participation, control, or knowledge in the actual
receipt of consumer financial information through the use of false statements by Mr. Leon, the
FTC cannot establish individual liability under the GLBA.

In addition, and even more fundamentally, the alleged conduct at issue here does not
amount to a violation of the GLBA.  The FTC purports to equate the facts in *RCG Advances* to
those asserted against Mr. Leon, *see id*. at 17-18, but the two sets of allegations could not be
more different.  In *RCG Advances*, the Court found that the defendant orchestrated the
company's scheme to use "false statements" in order to "induce customers to sign [agreements]
and disclose their bank account information, which in turn permitted defendants to over-
withdraw from customers' bank accounts."  2023 WL 6281138, at *10.  In addition, the
defendant in *RCG Advances* directly "negotiat[ed] and approv[ed] the terms of the MCA
Agreements (which required the disclosure of customers' bank account information and included

---

[5]      Under Section 521 of the GLBA, it is unlawful for "any person to obtain . . . customer information of a
financial institution relating to another person . . . by making a false, fictitious, or fraudulent statement or
representation to a customer of a financial institution."  Mov. Br. at 26 (citing 15 U.S.C. § 6821).  As the plain language
of provision, titled "Privacy protection for customer information of financial institutions**,**" evidences, the purpose of
the GLBA is to protect the privacy of consumers with respect to the transfer and use of their personal information by
financial institutions.  *Id.*  Mr. Leon cited Section 6801 to further illustrate this purpose, not in error as the Opposition
suggests.  Opp. at 10.

the false statements . . .)" and "knew about and directly participated in over-withdrawing from customers' bank accounts . . . ."  *Id.*  The FTC alleges no analogous facts against Mr. Leon (or for that matter against Celsius or any of the other defendants) and fails to allege that Mr. Leon controlled, participated in, or had knowledge of the alleged efforts to obtain customer financial information for a fraudulent or improper purpose.

In contrast to the defendant in *RCG Advances* who knowingly disseminated false statements to obtain customer information and directed unauthorized withdrawals from customer accounts (conduct which squarely falls within the enforcement purposes of the GLBA), there are no allegations showing that Mr. Leon (or Celsius) misled consumers for the purpose of acquiring their private financial information.  Here, the provision of such information was incidental to the alleged conduct.  Under the FTC's reading, every case that incidentally involved the provision of customer information would be transformed into a GLBA violation.  That is not what Congress intended.  The FTC's inclusion of the GLBA claim is a transparent effort to circumvent the well-established limitations on the FTC's ability to obtain monetary relief.

## IV.    JUDICIAL NOTICE OF THE BANKRUPTCY COURT RECORD IS APPROPRIATE.

The FTC cannot seriously oppose the Court taking judicial notice of filings made in connection with the related bankruptcy proceeding, *In re Celsius Network LLC*, No. 22-bk-10964, after it asks the Court to do the same.  *See* Opp. at 26 (citing "Global Notes and Statements" in the Bankruptcy Proceeding as properly considered under judicial notice).  Under the authority cited in Mr. Leon's Moving Brief, which the FTC echoes, this Court may take judicial notice of the Bankruptcy Proceeding filings when assessing a motion to dismiss.  *See* Mov. Br. at 14, n.4.

**V.      THE COMPLAINT DOES NOT ESTABLISH A LEGAL BASIS FOR INJUNCTIVE OR MONETARY RELIEF.**

**A.      The FTC Fails to Make the Requisite Showing to Warrant Injunctive Relief Under Section 13(b).**

The Opposition's inability to cite to <u>one</u> allegation in the Complaint that demonstrates that <u>Mr. Leon</u> "is violating, or is about to violate" any provision of laws enforced by the FTC is telling. *See* 15 U.S.C. § 53(b).  The Opposition again offers only "group pleading" allegations to try to satisfy this showing, which fail.  The FTC next turns to the legal authority for refuge.  *See* Opp. at 25 (citing *F.T.C. v. Shkreli*, 581 F. Supp. 3d at 579, 638 (S.D.N.Y. 2022)).  But the FTC's legal analysis cannot fix the Complaint's lack of factual assertions relating to Mr. Leon's alleged future conduct.  Further, the Opposition conveniently excludes relevant facts regarding Mr. Leon's cessation of any business activity with Celsius in October 2022, among others. Compl. ¶ 7, 21.  Under the FTC's logic, despite facts to the contrary, any person with the means to violate an FTC law poses a danger of a recurring violation.  *See* Opp. at 27.  As the Court is aware, this is not the controlling standard for an injunction under Section 13 of FTC Act. Having failed to offer any factual assertion to show likelihood of an actual future violation by Mr. Leon—beyond a single conclusory allegation—Compl. ¶ 94, the FTC is not entitled to injunctive relief under Section 13(b).

**B.      The FTC Is Not Entitled to Monetary Relief for a Violation of the GLBA under Section 19.**

Mr. Leon adopts and incorporates the arguments contained in Section II.B of Defendant Goldstein's Reply Memorandum in Support of his Motion to Dismiss, ECF No. 54.

## <u>CONCLUSION</u>

For the reasons provided in his Moving Brief and set forth herein, Mr. Leon respectfully requests that the Court dismiss the claims asserted against him in the Complaint with prejudice.

Dated: November 8, 2023                   **HOGAN LOVELLS US LLP**

*/s/ Allison M. Wuertz*

Allison M. Wuertz
William M. Regan
Maya S. Jumper
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
william.regan@hoganlovells.com
allison.wuertz@hoganlovells.com
maya.jumper@hoganlovells.com

*Counsel for Defendant Shlomi Daniel Leon*