**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL TRADE COMMISSION,

                    Plaintiff,

     v.

CELSIUS NETWORK INC., et al.,

               Defendants.

Civil Action No. 1:23-cv-6009-DLC

**DECLARATION IN**
**SUPPORT OF MOTION TO**
**WITHDRAW APPEARANCE**

Benjamin R. Allee, Esq. makes the following declaration pursuant to 28 U.S.C. § 1746:

1.      I am a Partner with the law firm Yankwitt LLP (the "Firm"), attorneys for defendant Alexander Mashinsky ("Defendant") in the above-captioned case.  I am one of the Firm's counsel of record in this matter.  As such, I am fully familiar with all the prior facts and circumstances herein.

2.      I submit this Declaration in support of the instant application to withdraw the Firm's appearance for Defendant.

3.      The current application to withdraw is being made due to Defendant's failure to meet the obligation set forth in his retention agreement with the Firm to timely pay legal fees billed by the Firm, despite numerous requests by the Firm.

4.      Defendant's deliberate disregard of his agreement to pay his legal fees is sufficient grounds for the Firm's withdrawal from the representation.  *See* N.Y. RULES OF PROF. CONDUCT, R. 1.16(c)(5); *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 565 (2d Dep't 1991) ("It is well-settled that in civil cases an attorney will be permitted to withdraw where a client refuses to pay his or her reasonable fees"); *Holmes v. Y.J.A. Reality Corp.*, 128 A.D.2d 482, 483 (1st Dep't

1987) ("Where a client repudiates a reasonable fee arrangement there is no obligation on the part of counsel to finance the litigation or render gratuitous services").

5.    Moreover, withdrawal can be accomplished without material adverse effect on Defendant's interests.  *See* N.Y. RULES OF PROF. CONDUCT, R. 1.16(c)(1) (providing for this additional ground for withdrawal).  The case is in its infancy, with the Court having recently ruled on Defendant's motion to dismiss the Complaint.  Defendant has not yet responded to the Complaint, nor has discovery commenced.  As such, Defendant's ability to protect his interests, either through new counsel or *pro se*, should not be materially impacted.

6.    Accordingly, good cause warranting the application to withdraw exists, and I respectfully request issuance of an order relieving the Firm as counsel of record for Defendant.

**WHEREFORE**, the undersigned respectfully requests that the Court issue an order granting it, and its attorneys Benjamin R. Allee, Jonathan Ohring, and Cassandra Vogel, leave to withdraw as counsel of record for Defendant and for such other and further relief as this Court deems just and proper.


Dated:  December 22, 2023
        White Plains, New York

                                                        _____
                                                        Benjamin R. Allee


2