**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL TRADE COMMISSION,

      Plaintiff,

      v.

CELSIUS NETWORK INC., et al.,

      Defendants.

**Case No. 1:23-cv-6009-DLC**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

## TABLE OF CONTENTS

I.    INTRODUCTION AND BACKGROUND ....................................................................... 1

II.   LEGAL STANDARD ................................................................................................... 2

III.  ARGUMENT .............................................................................................................. 3

      A.    The Court should strike all of the affirmative defenses because they are
            insufficiently pled. ......................................................................................... 3

      B.    The Court should strike the defenses that the Court has already rejected. ............ 4

      C.    The Court should strike the denial of liability defenses because denials of liability
            are not affirmative defenses. .............................................................................. 6

      D.    The Court should strike defenses that are not applicable in an action by the FTC. 8

            1.    The Court should strike Leon Defense No. 3 because voluntary payment is
                  not a defense to an FTC action. ................................................................ 9

            2.    The Court should strike the proximate causation defenses because
                  proximate causation is not an element of claims under the FTC Act and
                  GLB Act. ................................................................................................. 10

            3.    The Court should strike the good faith and industry standard defenses
                  because good faith and compliance with industry standards are irrelevant
                  to liability. .............................................................................................. 12

            4.    The Court should strike Leon Defense No. 14 because setoff is not a
                  defense to liability. .................................................................................. 13

      E.    The Court should strike Leon's unclean hands defense because it is wholly
            unsupported and unavailable in this case. ........................................................... 14

      F.    The Court should strike the defenses that challenge the FTC's claims for
            injunctive relief because Defendants can resume their unlawful behavior. .......... 15

      G.    The Court should strike Leon's Communications Decency Act defense because it
            is unsupported and irrelevant. ........................................................................... 16

      H.    The Court should strike the reservation of rights defenses. ................................. 18

      I.    The Court should strike Goldstein's incorporation by reference defense because it
            is not an affirmative defense. ............................................................................. 19

IV.   CONCLUSION ......................................................................................................... 19

i

# TABLE OF AUTHORITIES

**Cases**

*A & E Television Networks, LLC v. Wish Factory Inc.*,
  2016 WL 8136110 (S.D.N.Y. Mar. 11, 2016) ........................................................... 19
*Allee v. Medrano*,
  416 U.S. 802 (1974) .......................................................................................... 15, 16
*AMG Cap. Mgmt., LLC v. FTC*,
  593 U.S. 67 (2021) ................................................................................................ 6
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................... 2, 3
*Boss Prods. Corp. v. Tapco Intern. Corp.*,
  2001 WL 135819 (W.D.N.Y. Feb. 16, 2001) ........................................................ 18
*Coach Inc. v. Kmart Corps.*,
  756 F.Supp.2d 421 (S.D.N.Y. 2020).................................................................... 3
*Corning Inc. v. Shenzhen Xinhao Photoelectric Tech. Co.*,
  2021 WL 2587160 (W.D.N.Y. June 24, 2021) ...................................................... 2
*Cty. Vanlines, Inc. v. Experian Info. Sols., Inc.*,
  205 F.R.D. 148 (S.D.N.Y. 2002) ........................................................................ 18
*Curtis Lumber Co., Inc. v. La. Pac. Corp.*,
  618 F.3d 762 (8th Cir. 2010) ............................................................................. 12
*EEOC v. Waffle House, Inc.*,
  534 U.S. 279 (2002) ........................................................................................... 10
*Erickson Beamon Ltd. v. CMG Worldwide, Inc.*,
  2014 WL 3950897 (S.D.N.Y. Aug. 13, 2014) ....................................................... 4
*Exposition Press, Inc. v. FTC*,
  295 F.2d 869 (2d Cir. 1961) ................................................................................ 9
*FTC v. 1263523 Ontario, Inc.*,
  205 F. Supp. 2d 218 (S.D.N.Y. 2002)................................................................. 15
*FTC v. Algoma Lumber Co.*,
  291 U.S. 67 (1934) ............................................................................................. 13
*FTC v. Bronson Partners, LLC*,
  2006 WL 197357 (D. Conn. Jan. 25, 2006) ........................................................ 16
*FTC v. Celsius Network Inc.*,
  2023 WL 8603064 (S.D.N.Y. Dec. 12, 2023) ................................................. 5, 15
*FTC v. Consumer Health Benefits Ass'n*,
  2011 WL 13295634 (E.D.N.Y. Oct. 5, 2011) ...................................................... 14
*FTC v. Cyberspace.com, LLC*,
  453 F.3d 1196 (9th Cir. 2006) ........................................................................... 12
*FTC v. Dluca*,
  2018 WL 4794518 (S.D. Fla. Sept. 5, 2018) ...................................................... 14
*FTC v. Hang-Ups Art Enters., Inc.*,
  1995 WL 914179 (C.D. Cal. Sept. 27, 1995) ...................................................... 16
*FTC v. Hope Now Mods., LLC*,
  2010 WL 1463008 (D.N.J. April 12, 2010) ................................................... 12, 13

i

*FTC v. LeadClick Media, LLC*,
   838 F.3d 158 (2d Cir. 2016).......................................................................... 17
*FTC v. Med. Billers Network, Inc.*,
   543 F. Supp. 2d 283 (S.D.N.Y. 2008) ......................................................... 9, 10
*FTC v. Millennium Telecard, Inc.*,
   2011 WL 2745963 (D.N.J. July 12, 2011)......................................................... 9
*FTC v. Moses*,
   913 F.3d 297 (2d Cir. 2019).......................................................................... 11
*FTC v. Nat'l Urological Grp., Inc.*,
   2005 WL 8155166 (N.D. Ga. June 24, 2005)...................................................... 10
*FTC v. Neovi, Inc.*,
   604 F.3d 1150 (9th Cir. 2010) .................................................................. 11, 13
*FTC v. Publ'rs Bus. Servs.*,
   540 Fed. App'x 555 (9th Cir. 2013) ............................................................... 14
*FTC v. Quincy Bioscience Holding Co., Inc.*,
   2020 WL 1031271 (S.D.N.Y. Mar. 2, 2020) ....................................... 5, 10, 12, 13
*FTC v. RCG Advances, LLC*,
   2013 WL 6281138 (S.D.N.Y. Sept. 27, 2023)................................................... 11
*FTC v. Roomster Corp.*,
   654 F.Supp.3d 244 (S.D.N.Y. 2023)............................................................... 17
*FTC v. Student Advocates Team, LLC*,
   2020 WL 2748316 (C.D. Cal. April 8, 2020) ................................................. 8, 12
*FTC v. Think All Pub. LLC*,
   564 F. Supp. 2d 663 (E.D. Tex. 2008)............................................................... 7
*FTC v. U.S. Oil & Gas Corp.*,
   1987 U.S. Dist. LEXIS 16137 (S.D. Fla. Jul 10, 1987)......................................... 10
*FTC v. USA Fin., LLC*,
   415 Fed. App'x 970 (11th Cir. 2011) .............................................................. 12
*FTC v. Vemma Nutrition Co.*,
   2016 WL 3548762 (D. Ariz. June 30, 2016) ....................................................... 8
*FTC v. Verity Intern., Ltd.*,
   443 F.3d 48 (2d Cir. 2006)............................................................................ 12
*FTC v. Vyera Pharms., LLC*,
   2020 WL 7695828 (S.D.N.Y. Dec. 28, 2020) ............................................... passim
*GEOMC Co. Ltd. v. Calmare Therapeutics Inc.*,
   918 F.3d 92 (2nd Cir. 2019)............................................................................ 2
*Godson v. Eltman, Eltman & Cooper, P.C.*,
   285 F.R.D. 255 (W.D.N.Y. 2012)................................................................. 3, 8
*Herman v. S. Carolina Nat'l Bank*,
   140 F.3d 1413 (11th Cir. 1998)...................................................................... 10
*Middle E. Engin. & Dev. Co. v. Arkwright-Boston Mfrs. Mut. Ins. Co.*,
   1987 WL 17419 (S.D.N.Y. Sept. 16, 1987)......................................................... 8
*NCUA Bd. v. Morgan Stanley & Co.*,
   2014 WL 1673351 (S.D.N.Y. Apr. 28, 2014)..................................................... 17
*North Star IP Holdings, LLC v. Icon Trade Svcs., LLC*,
   2024 WL 36978 (S.D.N.Y. 2024)..................................................................... 7

*Obabueki v. Int'l Bus. Machs. Corp.*,
   145 F. Supp. 2d 371 (S.D.N.Y. 2001)................................................................. 15
*Saks v. Franklin Covey Co.*,
   316 F.3d 337 (2nd Cir. 2003)............................................................................. 6
*Schecter v. Comptroller of New York*,
   79 F.3d 265 (2d Cir. 1996)................................................................................. 17
*SEC v Follick*,
   2002 WL 31833868 (S.D.N.Y. Dec. 18, 2002) ................................................. 14
*SEC v. Am. Growth Funding II, LLC*,
   2016 WL 8314623 (S.D.N.Y. Dec. 30, 2016) ................................................... 2
*SEC v. Opulentica, LLC*,
   479 F. Supp. 2d 319 (S.D.N.Y. 2007)................................................................ 16
*Specialty Minerals Inc. v. Pluess-Staufer AG*,
   395 F.Supp.2d 109 (S.D.N.Y. 2005)............................................................. 15, 18
*Utica Mut. Ins. Co. v. Munich Reins. Am. Inc.*,
   7 F.4th 50 (2nd Cir. 2021) ................................................................................. 6
*Walters v. Performant Recovery, Inc.*,
   124 F. Supp. 3d 75 (D. Conn. 2015)................................................................. 4
*Zink v. First Niagra Bank N.A.*,
   2015 WL 423221 (W.D.N.Y. 2015). .............................................................. 7, 8

**Statutes**

15 U.S.C. § 45................................................................................................. 5, 6
15 U.S.C. § 45(n)............................................................................................... 11
15 U.S.C. § 57b;............................................................................................. 6, 16
15 U.S.C. §§ 6821............................................................................................. 12
15 U.S.C. § 6821(a)(2)...................................................................................... 11
15 U.S.C. § 6822(a) .......................................................................................... 6
15 U.S.C. § 6823 ............................................................................................... 13
47 U.S.C. § 230(c) ............................................................................................ 17

**Rules**

Fed. R. Civ. P. 12(b) ........................................................................................ 18
Fed. R. Civ. P. 12(f) ......................................................................................... 2
Fed. R. Civ. P. 15............................................................................................. 18

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Federal Trade Commission ("FTC" or "Commission") moves to strike 28 affirmative defenses raised in the Answers filed by defendants S. Daniel Leon and Hanoch "Nuke" Goldstein, Dkts. 80-81.

Between 2018 and 2023, Celsius Network LLC and its affiliates (collectively, "Celsius"), under the control and with the participation of its executive leadership, the individual defendants, deceived thousands of consumers into transferring billions of dollars' worth of cryptocurrency onto its platform. Celsius and its leadership misappropriated and squandered those assets, causing over $4 billion in consumer injury. The FTC filed this lawsuit to enjoin the defendants from further illegal conduct and obtain redress for consumers who were harmed.

After the Court denied the individual defendants' motions to dismiss in full, each individual defendant filed an Answer. Dkt. 79 (Mashinsky), Dkt. 80 (Leon), Dkt. 81 (Goldstein). Mashinsky's Answer invokes the Fifth Amendment and does not raise affirmative defenses. Leon and Goldstein raise affirmative defenses, each of which is defective and should be stricken.

If not stricken, Leon's and Goldstein's (collectively, "Defendants") affirmative defenses will prolong the litigation, lead to wasteful discovery, and consume the parties' and the Court's resources unnecessarily. Several of the affirmative defenses revisit issues the Court has already decided: whether the FTC has stated a claim (the Court already decided it has) and whether the FTC is entitled to seek monetary relief (the Court already decided it can). More than ten of the affirmative defenses simply challenge the FTC's case-in-chief, wrongly reframing their denial of liability as affirmative defenses. Defendants raise several frivolous defenses that do not apply to claims under the FTC Act and GLB Act, or that incorrectly assume the FTC stands in the shoes of consumers. Leon raises an unclean hands defense that is not available in a government law

enforcement action, and raises an inapplicable defense under the Communications Decency Act. Both defendants raise mootness defenses that misstate the law. And finally, Defendants assert "reservation of rights" defenses, and Goldstein raises an "incorporation of other defendants' defenses" defense, that are inconsistent with the Federal Rules.

Since Defendants' affirmative defenses lack legal basis, the FTC requests that the Court grant this Motion and strike them.

## II.    LEGAL STANDARD

Courts are reluctant to permit affirmative defenses to go forward against a government agency like the FTC, "where the agency is seeking to enforce a congressional mandate in the public interest." *SEC v. Am. Growth Funding II, LLC*, 2016 WL 8314623, at *3 (S.D.N.Y. Dec. 30, 2016). A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A plaintiff seeking to strike a defense must show, "(1) applying the plausibility standard from [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007)], and considering the relevant context, there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *FTC v. Vyera Pharms., LLC*, 2020 WL 7695828, at *2 (S.D.N.Y. Dec. 28, 2020) (quoting *GEOMC Co. Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96-98 (2nd Cir. 2019)). Facially insufficient defenses impose "delay and unnecessary expense from litigating the invalid claim[s]" on plaintiffs (and the court), *Vyera Pharms.*, 2020 WL 7695828, at *2, and eliminating them both "clarif[ies] the issues and streamline[s] the case for trial." *Corning Inc. v. Shenzhen Xinhao Photoelectric Tech. Co.*, 2021 WL 2587160, at *9 (W.D.N.Y. June 24, 2021).

## III.    ARGUMENT

Defendants Leon and Goldstein together assert 28 affirmative defenses, each of which is improperly pled and/or insufficient as a matter of law. Defendants improperly seek to add to the FTC's burden at trial and increase discovery costs in having to explore whether any factual basis exists for these defenses; thus, the FTC will be prejudiced if these affirmative defenses are not stricken. *See Vyera Pharms.*, 2020 WL 7695828, *2; *Coach Inc. v. Kmart Corps.*, 756 F.Supp.2d 421, 428 (S.D.N.Y. 2020) ("Inclusion of the above legally insufficient defenses would prejudice plaintiffs. Litigating these defenses would increase the duration and expense of trial.").

### A.    The Court should strike all of the affirmative defenses because they are insufficiently pled.

An affirmative defense must be supported by at least some facts indicating the grounds on which the defense is based. *See Vyera Pharms.*, 2020 WL 7695828, at *2 (explaining that defenses are subject to the "plausibility standard from *Twombly*"). Goldstein's and Leon's affirmative defenses, however, merely recite legal doctrines and make no factual allegations. As such, they fail to provide fair notice to the FTC of the factual grounds on which the defenses rest, or to assist the Court in limiting discovery.[1] For example, Leon asserts (among other unsupported defenses) that the FTC's claims "are barred, in whole or in part, by the doctrine of unclean hands"[2] without describing any alleged nefarious conduct by the FTC; asserts that unnamed "consumers" "failed to act reasonably, failed to mitigate any alleged damages, if any,

---

[1] Some courts in this Circuit have declined to apply the *Twombly* standard to affirmative defenses. But even if the Court were to conclude that the more lenient fair-notice pleading standard were to apply to affirmative defenses, Defendants' pleadings fail to meet even that lesser standard because they are not "buttressed by sufficient facts." *See, e.g.*, *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 259 (W.D.N.Y. 2012) (striking defenses pled as legal conclusions).

[2] Leon Defense No. 5.

and assumed all risk, if any,"[3] without describing what any of that activity entailed; and claims that the unspecified acts of unidentified "third parties" pose a defense, without specifics.[4] Goldstein's similarly conclusory defenses assert, *inter alia*, that Goldstein broadly complied with "all federal and state statutes"[5] (without describing any nexus to the FTC's claims); that unidentified "others" took unspecified "acts"[6] somehow precluding relief; and that Goldstein acted "in good faith," without explanation.[7] These and the other defenses are devoid of material that would allow the FTC to deduce their factual or legal bases.

Defenses pled as bald legal conclusions, lacking facts, will hinder the FTC in properly tailoring discovery and motion practice, and thus permitting them to proceed would be prejudicial. *See Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 80-81 (D. Conn. 2015) (striking affirmative defense that was pled as a "bald legal conclusion, devoid of any facts"); *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, 2014 WL 3950897, at *7 (S.D.N.Y. Aug. 13, 2014) (striking defense that "actions were and are fair, privileged and justified" as a vague conclusion that "does not provide plaintiff a fair notice of the nature of the defense"). The Court should strike all the affirmative defenses for this deficiency. And because each defense is legally insufficient, as set forth below, they should be stricken with prejudice.

**B.     The Court should strike the defenses that the Court has already rejected.**

The Court should strike Leon Defenses Nos. 2 and 13, and Goldstein Defenses Nos. 1 and 4, because each raises an argument that the Court has already rejected. *See Vyera Pharms.*, 2020 WL 7695828, at *2 (rejecting defenses that sought merely to "reargue the sufficiency of the

---

[3] Leon Defense No. 4.
[4] Leon Defense No. 11.
[5] Goldstein Defense No. 5.
[6] Goldstein Defense No. 9.
[7] Goldstein Defense No. 10.

allegations in the amended complaint and the denial of [defendants'] motion to dismiss"). First, contrary to Leon Defense No. 2 and Goldstein Defense No. 1, the Court has already held that the FTC has stated a claim upon which relief may be granted. *See FTC v. Celsius Network Inc.*, 2023 WL 8603064, at *6 (S.D.N.Y. Dec. 12, 2023) (denying motions to dismiss). Second, contrary to Leon Defense No. 13 and Goldstein Defense No. 4, the Court has already concluded that the FTC may seek monetary redress for violations of the Gramm-Leach-Bliley Act ("GLB Act"). *See id.* at *5 (holding that the FTC may seek monetary relief for violations of the GLB Act).

Courts routinely strike affirmative defenses that "seek[] to reargue the sufficiency of the allegations . . . and the denial of [a] motion to dismiss." *See, e.g.*, *Vyera Pharms.*, 2020 WL 7695828, at *2; *FTC v. Quincy Bioscience Holding Co., Inc.*, 2020 WL 1031271, at *2 (S.D.N.Y. Mar. 2, 2020) (striking the defense that plaintiffs fail to state a claim because "[t]here is no need to litigate the same issue again"). Rather than permit Defendants to relitigate issues decided at the motion to dismiss stage, the Court should strike these defenses. *See Vyera Pharms.*, 2020 WL 7695828, at *2 ("Defendants had a full opportunity to challenge the sufficiency of the pleading at the motion to dismiss stage. Having failed in that challenge, this issue is not properly pleaded as an affirmative defense."). To the extent that Defendants intend for these defenses to turn not on the legal basis for the FTC's claims but on whether the FTC can prove entitlement to monetary redress, they should be stricken as negative defenses. *See infra* Part III.C.

Even if the Court had not already ruled that the FTC may seek relief under the FTC Act and GLB Act, the Court should still strike Leon Defense No. 13 and Goldstein Defense No. 4 because the FTC Act and the GLB Act authorize the FTC's suit. The FTC seeks non-monetary injunctive relief for violations of the FTC Act, which is authorized by Section 13(b), 15 U.S.C. §

45. *See id.*; *see also AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 78 (2021) (explaining that Section 13(b) authorizes the FTC to seek injunctive relief). The FTC also seeks relief under Section 19 of the FTC Act for violations of the GLB Act. *See* 15 U.S.C. § 57b; 15 U.S.C. § 6822(a). The GLB Act empowers the FTC to enforce its provisions as if it were an FTC trade regulation rule, and the FTC incorporates by reference the arguments on this issue made in its oppositions to Defendants' motions to dismiss. *See* Dkt. 50 at pp. 16-19 (discussing the FTC's authority to seek relief for violations of the GLB Act); Dkt. 60 at pp. 22-23 (same). Since Congress by statute authorized the FTC to act, the Court should strike defenses asserting otherwise.

"Through these asserted defenses, the defendants improperly seek to add to the plaintiffs' burden at trial and to narrow the grounds on which the defendants may be found liable." *Vyera Pharma.*, 2020 WL 7695828, at *2. The FTC will be prejudiced if forced to relitigate these issues that the Court has already decided and that additional discovery will not clarify. Leon Defenses Nos. 2 and 13 and Goldstein Defenses Nos. 1 and 4 should be stricken.

### C.     The Court should strike the denial of liability defenses because denials of liability are not affirmative defenses.

Defendants raise 12 defenses in which they simply deny liability. The Court should strike all of these defenses because they are negative defenses, not affirmative defenses, and are therefore redundant.

An affirmative defense is a defense that "'will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true,' rather than an attack on the truth of the allegations, or a rebuttal of a necessary element of the claim." *Utica Mut. Ins. Co. v. Munich Reins. Am. Inc.*, 7 F.4th 50, 63 (2nd Cir. 2021) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2nd Cir. 2003)). A negative defense, on the other hand, attacks the case-in-chief: it tends to disprove one

or all of the elements of a complaint. *See North Star IP Holdings, LLC v. Icon Trade Svcs., LLC*, 2024 WL 36678, *7 (S.D.N.Y. 2024) (a defense that negates an element of the prima facie case is not an affirmative defense); *Zink v. First Niagra Bank N.A.*, 2015 WL 423221, at *3-4 (W.D.N.Y. 2015). "[A] negative defense is the equivalent of a defendant saying 'I did not do it,'" and is nothing more than a restatement of denials that were made elsewhere in defendants' answers. *FTC v. Think All Pub. LLC*, 564 F. Supp. 2d 663, 665-66 (E.D. Tex. 2008).

Defendants assert that they didn't make, know of, or control any material misrepresentations or deceptive acts,[8] that consumers failed to act reasonably,[9] and that Defendants didn't violate the law.[10] Defendants also assert that any consumer damages were caused by third parties or other intervening forces outside of their control.[11] Finally, Defendant Goldstein asserts that he "did not provide material or substantial participation or assistance to any other defendant"[12] and "did not control or purport to control the actions of Mr. Mashinsky, Mr. Leon, or Celsius."[13] The so-called affirmative defenses in question here relate to whether defendants have violated statutes enforced by the FTC and whether they are liable for consumer injury. In this case, Defendants already deny that they engaged in the unlawful acts or practices alleged in the Complaint and already deny liability for any consumer injury caused by these unlawful acts or practices. Casting these denials in the form of affirmative defenses is redundant.

Because the FTC already bears the burden of demonstrating that Defendants are liable under the FTC Act and the GLB Act, Defendants' arguments here are simply attacks on the

---

[8] Leon Defenses Nos. 1 and 9; Goldstein Defense No. 2.
[9] Leon Defense No. 4.
[10] Leon Defense No. 15; Goldstein Defense No. 5.
[11] Leon Defenses Nos. 6, 7, and 11; Goldstein Defense No. 9.
[12] Goldstein Defense No. 3.
[13] Goldstein Defense No. 7.

FTC's burden of proof and should be stricken. *See Zink*, 2015 WL 423221, at *4 ("There is no need for this separate defense, for if the defense involved is one that merely negates an element of the plaintiff's prima facie case it is not truly an affirmative defense and need not be pleaded despite rule 8(c)." (cleaned up)). Redundant defenses can prejudice the plaintiff by generating delay, inefficiency, and burden. In recognition of these problems, courts often disallow negative defenses improperly pled as affirmative defenses. *See, e.g.*, *Godson*, 285 F.R.D. at 260 (striking "defenses that are . . . not truly affirmative defenses (for example, the fourteenth defense simply denies allegations in the complaint)"); *Zink*, 2015 WL 423221, at *4 (denying motion to amend answer to include an issue "already in the case" that "need not be realleged"); *Middle E. Engin. & Dev. Co. v. Arkwright-Boston Mfrs. Mut. Ins. Co.*, 1987 WL 17419, at *3 (S.D.N.Y. Sept. 16, 1987) (striking as surplusage purported affirmative defenses "more appropriately classified as dramatic or emphatic denials"); *FTC v. Student Advocates Team, LLC*, 2020 WL 2748316, at *3 (C.D. Cal. April 8, 2020) (striking as improper a "negative defense attacking the FTC's prima facie case"); *FTC v. Vemma Nutrition Co.*, 2016 WL 3548762, at *2 (D. Ariz. June 30, 2016) (striking "Defendants' denial of their own liability"). *Cf. Vyera Pharms.*, 2020 WL 7695828, at *2 (striking purported affirmative defenses that did not raise actual affirmative defenses). This Court should too.

### D. The Court should strike defenses that are not applicable in an action by the FTC.

Defendants raise numerous affirmative defenses that should be stricken because they are not applicable to the FTC's claims. Specifically, Defendants assert (1) that consumers authorized the transactions at issue, even though voluntary payment is not a defense;[14] (2) that consumers'

---

[14] Leon Defense No. 3.

losses were proximately caused by the actions of others, which has no bearing on liability for the alleged violations; [15] (3) behavior in good faith or consistent with industry standard, which are not relevant defenses; [16] and (4) setoff, which is not a defense to an FTC action seeking redress for injured consumers. [17] None of these defenses is applicable in an action brought by the FTC, and thus each should be stricken.

> **1.      The Court should strike Leon Defense No. 3 because voluntary payment is not a defense to an FTC action.**

Leon Defense No. 3 asserts that the transactions at issue were authorized. This is not a defense to the FTC's claims and should be stricken.

The alleged voluntariness of consumer payments does not defeat claims brought by the FTC. In cases brought by consumers, the voluntary payment doctrine provides generally that a person who voluntarily pays another with full knowledge of the facts is not entitled to restitution. *See FTC v. Millennium Telecard, Inc.*, 2011 WL 2745963, at *4 (D.N.J. July 12, 2011). But the primary purpose of the FTC Act and GLB Act, and the other consumer protection laws that the FTC enforces, is to protect consumers and lessen the harsh effects of *caveat emptor*. *See id.* (rejecting the voluntary payment defense "in the context of an FTC enforcement action, the primary purpose of which is to protect the consumer public"). As a result, defenses like consumer authorization are unavailable in government consumer protection actions. *See id.*; *see also Exposition Press, Inc. v. FTC*, 295 F.2d 869, 873 (2d Cir. 1961) (holding that the FTC act is violated "if the first contact is secured by deception, even though the true facts are made known to the buyer before he enters into the contact of purchase" (cleaned up)); *FTC v. Med. Billers*

---

[15] Leon Defense No. 6; Goldstein Defense No. 9.
[16] Leon Defense No. 8; Goldstein Defense No. 10.
[17] Leon Defense No. 14.

*Network, Inc.*, 543 F. Supp. 2d 283, 304 (S.D.N.Y. 2008) (same).

Leon's "consumer authorization" defense also incorrectly assumes that the FTC acts in a representative capacity for consumers. But the FTC operates on behalf of the public and brings actions in its own name. Thus, defenses that might be available in consumer actions are not applicable here. Indeed, courts routinely disallow defenses that might limit a government agency's authority by principles that could only apply in private litigation. *E.g.*, *FTC v. Nat'l Urological Grp., Inc.*, 2005 WL 8155166, at *12 (N.D. Ga. June 24, 2005) (striking defenses of justification, ratification, acquiescence, and waiver as inapplicable to FTC action); *FTC v. U.S. Oil & Gas Corp.*, 1987 U.S. Dist. LEXIS 16137, at *77-78 (S.D. Fla. Jul 10, 1987) (explaining that consumer releases could not be enforced to limit an FTC action); *see also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) (holding that employee's agreement to arbitrate disputes did not limit EEOC authority); *Herman v. S. Carolina Nat'l Bank*, 140 F.3d 1413, 1424-28 (11th Cir. 1998) (government ERISA action was not barred by private litigation or settlements under *res judicata* principles). Similarly here, even if a "consumer authorization" type defense were available in a private litigation, it is not a valid defense to the FTC's claims.

The FTC would be prejudiced if forced to litigate a proposed defense that has no application here. *See, e.g.*, *Quincy Bioscience*, 2020 WL 1031271, at *2 ("Plaintiffs would be prejudiced by having to spend time and resources litigating an invalid defense."). Accordingly, Leon Defense No. 3 should be stricken.

> **2.      The Court should strike the proximate causation defenses because proximate causation is not an element of claims under the FTC Act and GLB Act.**

The Court should dispose of Leon Defense No. 6 and Goldstein Defense No. 9, which assert that consumers' losses were proximately caused by the acts of others, because proximate

causation and the acts of third parties are not elements of the FTC's claims. The elements of a deceptive act or practice are (1) a representation, omission, or practice, that (2) is likely to mislead consumers acting reasonably under the circumstances, and (3) materiality. *See, e.g.*, *FTC v. Moses*, 913 F.3d 297, 306-07 (2d Cir. 2019). An act or practice is unfair if it causes or is likely to cause substantial injury to consumers that is not reasonably avoidable and is not outweighed by countervailing benefit to consumers or competition. *See* 15 U.S.C. § 45(n); *FTC v. RCG Advances, LLC*, 2013 WL 6281138, at *7 (S.D.N.Y. Sept. 27, 2023). The GLB Act makes it unlawful to "obtain or attempt to obtain . . . customer information of a financial institution relating to another person . . . by making a false, fictitious, or fraudulent statement or representation to a customer of a financial institution." *See* 15 U.S.C. § 6821(a)(2); *RCG Advances*, 2023 WL 6281138, at *9. For each claim, the possible involvement of "independent causal agents . . . do[es] not magically erase the role of the" primary perpetrator—the Celsius enterprise. *See FTC v. Neovi, Inc.*, 604 F.3d 1150, 1155 (9th Cir. 2010).

Nor is proximate causation an element of individual liability. *See Moses*, 913 F.3d at 307. Instead, all that is required is "participation" in or "authority to control" the corporate defendants' conduct. *See id.* If proximate causation were required, as Defendants suggest, that would conflict with the standard for individual liability under *Moses*: "participation" and "authority to control" would never be enough. Here, the FTC has alleged that each individual defendant participated in misconduct and had authority to control Celsius; thus, each is responsible for Celsius's conduct, even if Leon and Goldstein can find others who also participated in the conduct or committed wrongful acts. *See Neovi*, 604 F.3d at 1155 ("[A] single violation of the Act may have more than one perpetrator.").

Consistent with these standards, courts have stricken proposed affirmative defenses based

on proximate causation.  *See, e.g.*, *Student Advocates Team, LLC*, 2020 WL 2748316, at *3 (striking proximate cause defense because it "could not succeed under any set of circumstances, because proximate cause and the conduct of third parties are not elements of a Section 5 violation"); *FTC v. Hope Now Mods., LLC*, 2010 WL 1463008, at *1 (D.N.J. April 12, 2010) (striking proximate cause defense because "the FTC is not obligated to show that the defendants' conduct proximately caused harm to consumers"). Since the FTC would be prejudiced if forced to litigate invalid defenses that have no relationship to the elements of the FTC's claims, Leon Defense No. 6 and Goldstein Defense No. 9 should be stricken. *See, e.g.*, *Quincy Bioscience*, 2020 WL 1031271, at *2 (striking irrelevant defenses).

> **3.     The Court should strike the good faith and industry standard defenses because good faith and compliance with industry standards are irrelevant to liability.**

Good faith and compliance with industry standard (Leon Defense No. 8, Goldstein Defense No. 10) are not defenses to claims under Section 13(b) or under Section 19 for violations of Section 5 of the FTC Act or the GLB Act because neither statute requires proof of intent to deceive. *See FTC v. Verity Intern., Ltd.*, 443 F.3d 48, 63 (2d Cir. 2006) ("The deception need not be made with intent to deceive . . . ."); *FTC v. USA Fin., LLC*, 415 Fed. App'x 970, 974 n.2 (11th Cir. 2011) ("[A] defendant cannot avoid liability under Section 5 of the FTC [Act] by showing that he acted in good faith because the statute does not require an intent to deceive."); *Curtis Lumber Co., Inc. v. La. Pac. Corp.*, 618 F.3d 762, 779 (8th Cir. 2010) (noting that "a defendant's good faith is immaterial to whether a 'deceptive act' has occurred under § 5 of the [FTC] Act because that statute does not require an intent to deceive"); *FTC v. Cyberspace.com, LLC*, 453 F.3d 1196, 1202 (9th Cir. 2006) (rejecting defense based on belief that acts did not violate the FTC Act); *see also* 15 U.S.C. §§ 6821 (no scienter requirement for civil violations of

the GLB Act).[18] As the Supreme Court has explained, "there is a kind of fraud, as courts of equity have long perceived, in clinging to a benefit which is the product of misrepresentation, however innocently made." *FTC v. Algoma Lumber Co.*, 291 U.S. 67, 81 (1934); *see also Neovi*, 604 F.3d at 1156 ("Courts have long held that consumers are injured for purposes of the Act not solely through the machinations of those with ill intentions, but also through the actions of those whose practices facilitate, or contribute to, ill intentioned schemes if the injury was a predictable consequence of those actions."). Like the other invalid defenses, requiring the FTC to litigate these "good faith" defenses would be prejudicial because it would require expending resources on irrelevant issues. *See, e.g.*, *Hope Now Mods.*, 2010 WL 1463008, at *1 (striking defense asserting compliance with the law); *Vyera Pharms.*, 2020 WL 7695828, at *3 (striking defenses that "are legally insufficient and do not preclude plaintiffs from prevailing on their claims").[19]

> **4.      The Court should strike Leon Defense No. 14 because setoff is not a defense to liability.**

The Court should strike Leon Defense No. 14, which asserts that the monetary relief sought is duplicative of other settlement funds paid to the FTC, because setoff is not a defense to liability in an FTC action. As a factual matter, the FTC's settlement with the Celsius entities included a fully suspended judgment, so it is unclear to what settlement funds paid to the FTC Leon is referring. *See* Dkt. 27 at Part VI (stipulated order with suspended judgment). Regardless,

---

[18] In contrast, the criminal provision of the GLB Act provides that "[w]hoever *knowingly and intentionally violates, or knowingly and intentionally attempts to violate*, section 6821 of this title shall be fined . . . or imprisoned . . . or both." 15 U.S.C. § 6823 (emphasis added).

[19] Some courts in this Circuit have declined to strike defenses based on good faith on the grounds that good faith might be relevant to determining appropriate relief. *E.g.*, *Quincy Bioscience*, 2020 WL 1031271, at *3-4. Even if a defendant's good (or bad) faith were relevant to the scope of relief, however, that does not turn it into an affirmative defense to liability. Binding Second Circuit precedent makes clear that the defendant's intent is not a defense to liability in an FTC case.

courts have held that defendants in FTC enforcement actions are not entitled to setoffs and have stricken affirmative defenses raising setoff. *See FTC v. Publ'rs Bus. Servs.*, 540 Fed. App'x 555, 558 (9th Cir. 2013) (defendants not entitled to setoffs); *FTC v. Dluca*, 2018 WL 4794518, at *2 (S.D. Fla. Sept. 5, 2018) (striking affirmative defense that asked the court to consider setoffs in calculating monetary relief). Accordingly, Leon Defense No. 14 should be stricken. *See Vyera Pharms.*, 2020 WL 7695828, at *3 (striking defenses that would not preclude liability).

### E. The Court should strike Leon's unclean hands defense because it is wholly unsupported and unavailable in this case.

Leon asserts that the FTC's claims are barred by the doctrine of unclean hands,[20] but this defense generally cannot be invoked against a government agency acting on behalf of the public interest, as the FTC is here. *See, e.g., FTC v. Consumer Health Benefits Ass'n*, 2011 WL 13295634, at *3-5 (E.D.N.Y. Oct. 5, 2011); *SEC v Follick*, 2002 WL 31833868, at *8 (S.D.N.Y. Dec. 18, 2002). "[T]o raise an equitable defense such as unclean hands against a government agency such as the FTC, courts require that the misconduct be egregious and the resulting prejudice to the defendant rise to a constitutional level." *Consumer Health Benefits Ass'n*, 2011 WL 13295634, at *5 (cleaned up).

Here, it is clear—and defendants do not deny—that the FTC commenced this action to protect a public interest. *See id.* at *4 ("Indeed, the very purpose of the Federal Trade Commission Act—which the FTC is enforcing in this action—is to protect the public."). And Leon has not alleged *any* misconduct by the FTC (much less "egregious" misconduct), or *any* prejudice (much less prejudice rising to a "constitutional level"). In fact, Leon provides *no* factual basis to support the defense of unclean hands at all. "[M]erely pleading a defense,

---

[20] Leon Defense No. 5.

without any supporting factual allegations, is insufficient." *Id.* at *3 (citing *Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001) ("Pleading the words 'unclean hands' without more . . . is not a sufficient statement of such defense.")). Leon's defense is therefore factually and legally insufficient.

The FTC would be prejudiced by Leon's nebulous unclean hands defense, which he could use to attempt to seek discovery and which the parties would be required to brief and argue at summary judgment or trial. *See Specialty Minerals Inc. v. Pluess-Staufer AG*, 395 F.Supp.2d 109, 114 (S.D.N.Y. 2005) (finding inclusion of legally insufficient unclean hands defense would prejudice plaintiff). Therefore, Leon's fifth affirmative defense should be stricken.

### F. The Court should strike the defenses that challenge the FTC's claims for injunctive relief because Defendants can resume their unlawful behavior.

Leon Defense No. 12 and Goldstein Defenses Nos. 6 and 8 assert that injunctive relief is unavailable because supposedly all actionable conduct and violations have ceased. However, these mootness defenses—similar to the arguments the Court rejected at the motion to dismiss stage, *see Celsius Network Inc.*, 2023 WL 8603064, at *4-5—are insufficient and should be stricken.

Even if Defendants could establish that they have ceased all illegal conduct, that would not moot the FTC's action for injunctive and other equitable relief. In FTC cases, injunctive relief is still appropriate even if defendants are not currently engaged in deceptive or unfair practices because the Court may infer the likelihood of future violations from past conduct. *See, e.g.*, *FTC v. 1263523 Ontario, Inc.*, 205 F. Supp. 2d 218, 222 (S.D.N.Y. 2002) ("It is settled that an action for an injunction does not become moot merely because the conduct complained of was terminated, if there is a possibility of recurrence, since otherwise the defendants would be free to return to their old ways." (quoting *Allee v. Medrano*, 416 U.S. 802, 811 (1974))); *accord SEC v.*

*Opulentica, LLC*, 479 F. Supp. 2d 319, 329 (S.D.N.Y. 2007) (awarding injunctive relief against incarcerated defendant because "once he is released he will once again have the means to perpetrate a fraud like the one here"). Thus, the mootness defenses cannot be maintained and should be stricken.

Goldstein Defense No. 8 also claims that the FTC has an adequate remedy at law, but does not explain what remedy that might be, the factual basis for his proposed defense, or why the alleged existence of other remedies would defeat liability. Regardless, his insufficiently pled defense ignores that the FTC Act specifically provides for injunctive relief under Section 13(b) and other remedies, including redress, under Section 19, 15 U.S.C. § 57b. The potential existence of legal remedies does not bar the FTC from seeking equitable relief. *See, e.g.*, *FTC v. Bronson Partners, LLC*, 2006 WL 197357, at *2-3 (D. Conn. Jan. 25, 2006) ("The availability of a legal remedy does not prevent the FTC from seeking ancillary equitable relief."). Indeed, "to find otherwise would nullify much of the FTC Act." *FTC v. Hang-Ups Art Enters., Inc.*, 1995 WL 914179, at *4 (C.D. Cal. Sept. 27, 1995) (striking affirmative defense asserting the existence of an adequate remedy at law).[21]

In short, Leon Defense No. 12 and Goldstein Defenses Nos. 6 and 8 assert invalid defenses that the FTC should not be forced to spend resources litigating. Accordingly, they should be stricken. *Vyera Pharms.*, 2020 WL 7695828, at *2-3.

**G.    The Court should strike Leon's Communications Decency Act defense because it is unsupported and irrelevant.**

Leon asserts that the "FTC's claims are barred, in whole or in part, because Leon is

---

[21] Goldstein Defense No. 8 also incorrectly claims that the balance of equities precludes injunctive relief. This is a negative defense, not an affirmative defense. *See supra* Part III.C (discussing negative defenses).

immune from liability pursuant to Section 230(c) of the Communications Decency Act, 47

U.S.C. § 230(c)."[22] First, this affirmative defense is insufficient on its face because it is nothing

more than a bare conclusory allegation of law unsupported by any asserted facts. S*ee Schecter v.

Comptroller of New York*, 79 F.3d 265, 270 (2d Cir. 1996).

Further, Section 230 only "shields conduct if the defendant (1) 'is a provider or user of an

interactive computer service, (2) the claim is based on information provided by another

information content provider and (3) the claim would treat [the defendant] as the publisher or

speaker of that information.'" *FTC v. Roomster Corp.*, 654 F.Supp.3d 244, 266 (S.D.N.Y. 2023)

(quoting *FTC v. LeadClick Media, LLC*, 838 F.3d 158, 173 (2d Cir. 2016)).  But a defendant "is

*not* entitled to § 230 immunity for its own deceptive acts or practices, or its direct participation in

a deceptive scheme." *Roomster Corp.*, 654 F.Supp.3d at 267 (emphasis added). Here, the FTC

does not seek to hold Leon liable as a publisher or speaker of another's content; rather, the FTC

seeks to hold Leon accountable for *his own* participation in and control of the deceptive acts or

practices of the Celsius enterprise.[23] Therefore, Section 230 immunity does not apply. The FTC

would be prejudiced by the inclusion of the erroneous Section 230 defense because it would

create irrelevant discovery and motion practice. *See NCUA Bd. v. Morgan Stanley & Co.*, 2014

WL 1673351, at *7 (S.D.N.Y. Apr. 28, 2014) ("[Pe]rmitting these defenses to remain may

suggest to [defendant] that it may pursue discovery into…issues that are irrelevant to this case");

---

[22] Leon Defense No. 10.

[23] *See, e.g.*, Complaint paragraphs 21 (Leon is a "co-founder of Celsius" and served as a director
and officer who "was involved in and oversaw the crafting of advertisements about Celsius's
products and services, and participated in the decision to freeze withdrawals, swaps, and
transfers from the Celsius platform"); 44 ("Mr. Leon helped craft a blog post falsely stating that
Celsius had more than enough reserves to meet its obligations."); 82 (Defendants published false
claims "on Celsius's official blog, which Mr. Leon helped craft" and which "Mr. Leon and Mr.
Goldstein retweeted").

*Specialty Minerals*, 395 F.Supp.2d at 114. This Court should strike Leon's facially meritless defense.

> **H.      The Court should strike the reservation of rights defenses.**

Both defendants purport to reserve the right to amend their Answers to assert additional defenses that become apparent during discovery.[24] Rule 12(b) of the Federal Rules of Civil Procedure is clear in its direction that, "*Every* defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required." Fed. R. Civ. P. 12(b) (emphasis added). That Rule lists exceptions, not applicable here, for defenses that the pleader may make by motion. *Id*. Here, the Commission filed a straightforward and detailed Complaint, giving Defendants ample notice of the FTC's claims for purposes of determining all the relevant defenses. Defendants' attempts to reserve the right to introduce new affirmative defenses at a later, unspecified time, circumventing the strict deadline under the Federal Rules, should be stricken.[25] *See e.g.*, *Cty. Vanlines, Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 157-58 (S.D.N.Y. 2002) (striking affirmative defense where defendant reserved the right to add additional Affirmative defenses during discovery); *Boss Prods. Corp. v. Tapco Intern. Corp.*, 2001 WL 135819, *3 (W.D.N.Y. Feb. 16, 2001) (striking affirmative defense because inclusion of right "to add new and different affirmative defenses as they become known to it at indeterminate times in the future . . . would violate, inter alia, the fair notice requirement of [Fed. R. Civ. P.] 8 and circumvent [Fed. R. Civ. P.] 15.").

---

[24] Leon Answer p. 21; Goldstein Answer p. 21.

[25] Federal Rule of Civil Procedure 15 governs any right that Defendants may have to seek leave to amend their Answers. The reservation is therefore redundant of Rule 15 and immaterial to the FTC's claims.

**I.     The Court should strike Goldstein's incorporation by reference defense because it is not an affirmative defense.**

Defendant Goldstein also purports to adopt "by reference any applicable defense pleaded by Co-Defendants."[26] For the reasons described above, each of Defendant Leon's asserted affirmative defenses are legally insufficient and prejudicial to the FTC. Therefore, Defendant Goldstein's attempt to adopt these defenses by reference should be stricken as moot. *Cf. A & E Television Networks, LLC v. Wish Factory Inc.*, 2016 WL 8136110, *15 (S.D.N.Y. Mar. 11, 2016) (striking an affirmative defense that incorporated by reference the allegations set forth in a third-party complaint, because the complaint was dismissed for lack of personal jurisdiction within the same court order).

## IV.     CONCLUSION

If permitted to proceed to discovery and, eventually, trial, Defendants' specious affirmative defenses will delay the proceedings unnecessarily, detract from the pertinent liability issues, and consume the resources of the Court and the parties for no purpose. For these reasons, and those above, the FTC respectfully requests that the Court strike Defendants' affirmative defenses.

///

///

///

///

///

///

---

[26] Goldstein Defense No. 11.

Dated: February 16, 2024

Respectfully submitted,

 /s/ Katherine M. Aizpuru
Katherine M. Aizpuru
Stephanie E. Liebner (*pro hac vice*
application pending)
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop: CC 6316
Washington, D.C. 20580
202-876-5673
kaizpuru@ftc.gov;
sliebner@ftc.gov