UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>CELSIUS NETWORK INC., LLC, et al.,<br><br>    Defendants. | Case No. 1:23-cv-6009-DLC |

## AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PROPOSED ORDER

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

### A. ESI Discovery Procedures:

(1) <u>On-site inspection of electronic media</u>: Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

(2) <u>Search methodology</u>: The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

    a. Prior to running searches:

        i. The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other

methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party shall provide unique hit counts for each search query.

ii. After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

(3) <u>Format:</u>

a. ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format with extracted text and metadata. Unless otherwise agreed to by the parties, for all other files, natives shall be produced upon reasonable request.

c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original

document.

e. Unless otherwise agreed to by the parties, the full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

(4) De-Duplication: The parties may de-duplicate their ESI production across custodians, provided that (a) duplicate custodian information removed during the de-duplication process shall be tracked in a duplicate/all custodian field in the database load file, and (b) in the event of a rolling production of documents or ESI items, the producing parties shall provide an overlay file with an updated duplicate/all custodian field in each production.

(5) Email Threading: Producing parties may use inclusive email threading technology to identify and remove duplicate emails in the same email thread from review and production, provided that:

   a. Hard-copy documents shall not be eliminated as duplicates of ESI;
   b. An email threading summary report shall be generated for the receiving party to review;
   c. The most inclusive email ("Last In Time Email") that contains all less inclusive emails in the same thread, including attachments and including identical senders and recipients, must be produced; and
   d. Only emails for which the parent document and all attachments are contained in the Last In Time Email will be considered less inclusive emails that need not be

produced.

(6) <u>Metadata Fields:</u> The parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: BEGBATES; ENDBATES; DocID; FamilyID; ParentID; File Path; TextPath; Custodian; AllCustodians; Source; Filename; File Size; File Extensions; MD5 Hash; PRODUCTION_VOLUME; HASREDACTIONS; Exception Reason; PRODBEG; PRODEND; PRODBEG_ATTACH; PRODEND_ATTACH; Page Count; From; To; CC; BCC; EmailSubject; Date Sent; Time Sent; Date Received; Time Received; Author; Title; Subject; Date Created; Time Created; Date Modified; Time Modified; Date Printed; Time Printed; document type; storage location if no custodian; and confidentiality status (indicating whether the producing party has designated a document "confidential"). The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

(7) <u>Hard-Copy Documents</u>: If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique

Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

## B. Preservation of ESI:

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

(1) Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

(2) The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

(3) Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.

   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

   d. Data in metadata fields that are frequently updated automatically, such as last-

Case 1:23-cv-06009-DLC     Document 110-1     Filed 06/20/25     Page 6 of 7
Case 1:23-cv-06009-DLC     Document 111     Filed 06/24/25     Page 6 of 7

opened dates.

e. Back-up data that are duplicative of data that are more accessible elsewhere.

f. Server, system or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

Dated:     June 20, 2025          Respectfully submitted:

　　　　　　　　　　　　　　　　　　/s/ Stephanie Liebner
　　　　　　　　　　　　　　　　　　Stephanie Liebner
　　　　　　　　　　　　　　　　　　Elizabeth Arens
　　　　　　　　　　　　　　　　　　Attorneys
　　　　　　　　　　　　　　　　　　Federal Trade Commission
　　　　　　　　　　　　　　　　　　600 Pennsylvania Avenue NW
　　　　　　　　　　　　　　　　　　Mail Stop: CC 6316
　　　　　　　　　　　　　　　　　　Washington, D.C. 20580
　　　　　　　　　　　　　　　　　　202-640-0963
　　　　　　　　　　　　　　　　　　sliebner@ftc.gov
　　　　　　　　　　　　　　　　　　earens@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

So ordered.

/s/ Denise Cote
6/24/25

/s/ Elizabeth S. Boison
Elizabeth S. Boison
Chapman and Cutler LLP
1801 K Street NW
Washington, DC 20006
eboison@chapman.com
202.478.6455
*Attorney for Defendant S. Daniel Leon*

/s/ _____
Alexander Mashinsky
alex@mashinsky.com

*Defendant Alexander Mashinsky*

/s/ Avi Weitzman
Avi Weitzman
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Tel: 212-318-6920
aviweitzman@paulhastings.com

*Attorney for Defendant Hanoch Goldstein*

SO ORDERED:

Date: _____    _____
The Honorable Denise L. Cote
United States District Judge