**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CELSIUS NETWORK INC., et al., <br><br> Defendants. | Case No. 1:23-cv-6009-DLC |

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL
AND SENSITIVE PERSONAL INFORMATION

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c) and 5.2(e).

## I.   DEFINITIONS

A.   "Commission" means Plaintiff, Federal Trade Commission.

B.   "Confidential Material" means any material that: (1) contains information that is not known to be in the public domain such as trade secrets, confidential commercial or financial information, or confidential research and development information; and (2) reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons.

C.   "Sensitive Personal Information" means any:

1. Social Security number;

2. Sensitive health-related data including medical records;

3. Biometric identifier;

4. Any one or more of the following when combined with an individual's name, address, or phone number: (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification

1

number, (d) passport number, (e) financial institution account number, including cryptocurrency wallet information, or (f) credit or debit card number;

5. An individual's name, if that individual is a minor;

6. An individual's telephone number, email address, or home address, unless relevant to a claim or defense of any party; or

7. Other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

## II. DESIGNATING CONFIDENTIAL MATERIAL

A. If a party or a non-party has a good faith belief that material required to be produced in discovery contains Confidential Material and that good cause exists to overcome the presumption of public access to material obtained in pretrial discovery, the party or non-party must designate such material as follows:

1. For paper materials, stamp "CONFIDENTIAL" on each page that contains Confidential Material.

2. For electronically stored information, brand it as "CONFIDENTIAL," and mark the storage medium holding the information as "CONFIDENTIAL."

3. For deposition transcripts, identify the specific pages and line numbers that contain Confidential Material within 30 days of receipt of the final transcript. If any testimony is identified as Confidential Material during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until 30 days after the designating entity's receipt of the final transcript.

2

B.     The party or non-party making the designation ("the designating entity") must designate as confidential only those portions of materials that contain Confidential Material to the extent practicable.  Mass or indiscriminate designation of materials as Confidential Material is prohibited.

## III.   INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL MATERIALS

An inadvertent failure to designate Confidential Material prior to disclosure does not preclude a subsequent designation, but a recipient's prior disclosure of newly designated Confidential Material shall not violate this Order.  In the event of subsequent designation of Confidential Material after disclosure, the parties shall cooperate to protect such material from future dissemination or public access.

## IV.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.     Any party receiving Confidential Material may challenge the designating entity's confidentiality designation by sending the designating entity a written objection that sets forth the objecting party's basis for why the material is not confidential.

B.     Within 7 days of a written objection to the designation of Confidential Material, the designating entity and the objecting party must meet and confer in good faith in order to seek to resolve the objection.

C.     If the designating entity and the objecting party are unable to resolve the dispute, the designating entity must move the Court for a protective order to uphold the confidentiality designation within 7 days of the meet and confer.  Failure to seek a protective order within 7 days of the meet and confer terminates confidential treatment for the material.

D.     The burden of establishing that the confidentiality designation is proper is on the designating entity.

3

E.      Any person or entity receiving Confidential Material may use the procedures set forth in this section to challenge the designating entity's confidentiality designation.

## V.   PERMITTED DISCLOSURES OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION

A.      Confidential Material or Sensitive Personal Information may be disclosed only to:

1.      the Court and court personnel;

2.      the parties' counsel and the parties' counsel's designated employees;

3.      experts, consultants, contractors, or other persons consulted or retained by the parties or the parties' counsel to assist in this litigation (including their employees), provided that they sign Exhibit 1 or execute the FTC's confidentiality or nondisclosure agreement;

4.      the Commission's Commissioners, Bureau Directors, and their staff;

5.      any person (and his or her counsel) who had prior access to the Confidential Material or Sensitive Personal Information or participated in a communication that is the subject of the Confidential Material or Sensitive Personal Information;

6.      any other witnesses or persons whom the disclosing party believes in good faith may be witnesses (and their respective counsel) whose testimony or potential testimony the disclosing party believes in good faith may address certain Confidential Material, under the following conditions:

a)      Such witness or person has signed Exhibit 1, and if such witness or person declines to sign Exhibit 1, the disclosing party shall not share the Confidential Material until such time as the disclosing party has notified the designating party of the witness or person's failure to sign Exhibit 1 and the

4

designating party has authorized the disclosure in writing, or the disclosing party, on reasonable advance notice to the designating party, has applied to the Court concerning the failure of the witness or person to sign Exhibit 1 and the Court has entered an appropriate order concerning compliance with this protective order.

7.    any other persons or entities as required by law or as authorized by this Court.

B.    Notwithstanding the limitations set forth in Section V.A and subject to taking appropriate steps to preserve confidentiality, the Commission may disclose Confidential Material or Sensitive Personal Information to other governmental entities, as provided by 16 C.F.R. §§ 4.9–4.11, 15 U.S.C. §§ 46(f) and 57b-2, or as otherwise authorized or required by law.  Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

## VI. USE OF CONFIDENTIAL MATERIAL IN LITIGATION

A party or non-party seeking to file Confidential Material publicly must redact such material before filing or file such material under seal concurrently with a motion to seal the material, unless the designating entity consents to the public filing of such material or the Court orders that such material may be filed publicly.

## VII.    USE OF SENSITIVE PERSONAL INFORMATION IN LITIGATION

No party or non-party may publicly disclose any Sensitive Personal Information without prior approval of this Court.  A party or non-party seeking to file Sensitive Personal Information publicly in the docket of any action must redact such information before filing, unless the Sensitive Personal Information is relevant and necessary for the Court's understanding of the

5

issues presented.  In such circumstances, a party or non-party must file any unredacted Sensitive

Personal Information under seal concurrently with a motion to seal the information.

## VIII. TREATMENT OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION AFTER LITIGATION

Within 60 days of final resolution of all claims asserted in this action, all parties, experts,

contractors, consultants, or other persons retained by any party to assist in this litigation, as well

as any witness or non-party, must destroy or return all Confidential Material and Sensitive

Personal Information they obtained during the course of the litigation, except as follows:

A.     Designating entities may maintain copies of all of their own Confidential Material

and Sensitive Personal Information.

B.     The Commission shall retain, return, or destroy Confidential Material or Sensitive

Personal Information in accordance with 16 C.F.R. § 4.12, including retaining such

information to assist with ongoing law enforcement or bankruptcy matters, enforcement

of any final orders entered in this action, or providing redress to consumers (if ordered by

the Court), provided that the Commission continues to take all appropriate steps to

protect the confidentiality of the materials.

C.     Any law enforcement agency other than the Commission that has received copies

of any Confidential Material or Sensitive Personal Information may retain such

information to assist with other ongoing law enforcement matters, provided that the law

enforcement agency continues to take all appropriate steps to protect the confidentiality

of the materials.

D.     Any congressional committee may maintain copies of Confidential Materials and

Sensitive Personal Information obtained from the Commission as required under 15

U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

This Order continues to govern Confidential Material and Sensitive Personal Information after the conclusion of the case, absent further order of the Court.

SO ORDERED, this _26th_ day of ___March___, 2026

_____
The Honorable Denise L. Cote
United States District Judge

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No. **1:23-cv-6009-DLC** |
| v. | |
| CELSIUS NETWORK INC., et al., | |
| Defendants. | |

## ACKNOWLEDGMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge that I have been provided with a copy of the Protective Order entered in this action, I have reviewed it and understand its terms, and I agree to be bound by its terms and be subject to the jurisdiction of this Court in all matters relating to the Protective Order.

I will treat all Confidential Material and Sensitive Personal Information, as defined in the Protective Order, strictly in accordance with the terms set forth in the Protective Order. I will not share Confidential Material or Sensitive Personal Information with any unauthorized individual or entities, other than my counsel. I acknowledge that any unauthorized use or disclosure of such materials by me may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____    _____
                        Signature

                        _____