# PAUL
# HASTINGS

June 8, 2026

*The request for an order to compel is denied.*

*Denise Cote*

*6/9/26*

**VIA ECF**

Hon. Denise Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Fed. Trade Comm'n v. Celsius Network Inc., et al.*, 1:23-cv-06009 (S.D.N.Y.)

Dear Judge Cote:

We write on behalf of Defendant Hanoch Goldstein in the above-referenced case. Pursuant to Rule 2(C) of Your Honor's Individual Practices, Goldstein moves for an order compelling the FTC to designate a witness to appear for a 30(b)(6) deposition. We met and conferred with the FTC on this matter last week, but the FTC refuses to designate *any* witness on *any* noticed topic.

On April 10, Goldstein served a 30(b)(6) deposition notice seeking the FTC's testimony on 14 topics. Ex. A. In its May 6, 2026 response, the FTC refused to designate a witness to testify on any topic. Ex. B. The parties met and conferred on June 1, to no avail. The FTC continues to refuse to designate a witness on any topic.[1]

Goldstein now moves to compel a 30(b)(6) deposition on Topics 1, 3, 5, 8, 9, 10, 11, and 13 in the 30(b)(6) notice. These topics concern: (a) the basis for the FTC's central allegations that Goldstein is responsible for misstatements or misrepresentations made by others, despite the fact that he was the Chief Technology Officer of the company with no authority or responsibility over the company's marketing or public statements; and (b) the factual bases for the remedies the FTC seeks. Goldstein requires testimony from the FTC on these topics because the discovery provided by the FTC—including its interrogatory responses—has failed to disclose this necessary information. Absent such a deposition, the FTC's case will be a trial by ambush. The Court should compel the FTC to testify on these topics.

***First***, the FTC contends that it is immune from a 30(b)(6) deposition because it does not have first-hand knowledge of the facts in the case. The FTC is mistaken. Rule 30(b)(6) expressly includes "governmental agenc[ies]" in the list of organizations subject to examination. Indeed, courts throughout the United States have compelled government agencies, including the FTC, to testify under Rule 30(b)(6). *See Fed. Trade Comm'n v. DirectTV, Inc.*, 2015 WL 7775274, at *4-6 (N.D. Cal. Dec. 3, 2015) (granting motion to compel 30(b)(6) deposition of FTC concerning, *inter alia*, "which ads were allegedly deceptive, how they were deceptive, whether the FTC has any factual support for its contention[s] that consumers have been deceived, its investigation of alleged consumer complaints, and the scope of alleged consumer harm or putative bases for monetary relief"); *see also SEC v. Merkin*, 283 F.R.D. 689, 693-94 (S.D. Fla. 2012) (directing the SEC to designate a witness regarding the factual underpinning of its allegations).

***Second***, the FTC makes a related argument that, because it lacks first-hand knowledge of the facts, any inquiry invades privilege. While it is correct that some courts have shielded government agencies from 30(b)(6) depositions due to concerns about privilege, courts have also held that an agency cannot invoke privilege in a blanket fashion, but must do so on a question by question basis. *CFPB v. Borders & Borders, PLC*, 2016 WL 9460471, at *11 (W.D. Ky. Jun. 29, 2016) (rejecting the CFPB's attempt to invoke privilege to "cut off even the

---

[1] The FTC has claimed that Goldstein's 30(b)(6) notice was not timely. But the notice was served on April 10, 2026, before the close of fact discovery, and well within the expert discovery deadline that the Court authorized the parties to conduct fact discovery. *See* Dkt. 141.

# PAUL
# HASTINGS

possibility of a Rule 30(b)(6) deposition"); *see also EEOC v. Gold, Inc.*, 2018 WL 5784055, at *1 (M.D. Fla. Jun. 25, 2018) (EEOC's blanket assertion of privilege inappropriate); *Dealer Computer Servs., Inc. v. Curry*, 2013 WL 499520, at *6 (S.D.N.Y. Feb. 7, 2013) (citing *Merkin*, 283 F.R.D. at 698) (rejecting defendants' blanket objection to noticed 30(b)(6) topics on privilege grounds; "[l]itigants are permitted to learn the facts underlying their opponent's claims and defenses").  Here, where the noticed topics concern the underlying *facts* that the FTC alleges render Goldstein liable, rather than any deliberative process by the FTC, the FTC cannot invoke privilege at all, let alone on a blanket basis.  *See Grand Central Partnership Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999) (deliberative process privilege "does not ... as a general matter[] cover 'purely factual' material"); *In re Six Grand Jury Witnesses*, 979 F.2d 939, 945 (2d Cir. 1992) ("[F]actual information is not protected by the attorney-client privilege just because the information was developed in anticipation of litigation.").  A deposition of the FTC on these topics is no different than contention interrogatories on the same topic:  in either situation, a party is required to explain the factual underpinnings of its case.  *See* Fed. R. Civ. P. 33(a)(2).

And a 30(b)(6) deposition is particularly needed here because discovery to date has failed to disclose the facts on which the FTC intends to rely to support its claims.  The FTC has produced over 834,000 documents in this case, totaling more than 3,927,000 pages.  Nothing in that discovery morass permits the defense to identify the actual factual underpinnings of the FTC's claims against Goldstein.

Nor has the FTC identified the key documents or facts on which it relies in many of its interrogatory responses.[2] It instead refers to its massive document dump without further delineation.  For example, in response to Interrogatory No. 3, seeking "all statements or representations Goldstein personally allegedly made, authorized or ratified" that were allegedly misleading, the FTC refused to identify any such statements.  *See* Ex. C at 10-12 (Interrog. 3); *see also Id.* at 15-17 (Interrog. 5), 22-24 (Interrog. 8), 24-26 (Interrog. 9), 26-28 (Interrog. 10), 32-34 (Interrog. 13).  That is improper.  *See Atlanta Shipping Corp. v. Cross & Brown Co.*, 113 F.R.D. 108, 111-12 (S.D.N.Y. 1986) (general reference to documents included in "50 to 200 file boxes" held insufficient); *Convermat Corp. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2743696, at *3-4 (E.D.N.Y. Sept. 18, 2007) (defendant's "general reference to [] business records produced" in discovery held insufficient).

The FTC also cross-references to the allegations in its Complaint, but that does not help because, over and over again, the FTC relied on group pleading allegations that failed to differentiate Goldstein's conduct from those of Defendants Mashinsky and Leon.  *See, e.g.,* Compl. ¶¶ 34, 42-44, 47, 50, 58, 60, 63-65, 71, 74, 76, 87, 92. In any event, interrogatory responses do not obviate the need for a 30(b)(6) deposition, which would permit "probing follow-up questions necessary in all but the simplest litigation." *See Mill-Run Tours Inc. v. Khashoggi*, 124 F.R.D. 547, 549-50 (S.D.N.Y. 1989).

In short, the FTC prefers to litigate this case keeping Goldstein in the dark.  It began with group pleading in its Complaint.  It continued with its initial disclosures, which identify over 51 former employees who "*may*" have relevant information, yet fails to specify the subject matter of each witness's knowledge or their contact information, in violation of Rule 26(a)(1)(A)(i).[3]  The FTC has taken only one deposition—Goldstein's—and cancelled the two other noticed depositions—of Daniel Leon, and Dean Tappen (a Coin Deployment Specialist at Celsius)—mere days before the depositions were scheduled to occur.  And its interrogatory responses are evasive and conclusory, often referring to a document dump instead of the actual documents that support its claims.  Under these circumstances, a 30(b)(6) deposition is critical for Goldstein to adequately prepare for and defend himself at trial.

We are available at Your Honor's convenience.

---

[2] The interrogatory responses further confirm that the FTC filed this action based, in part, on objectively false understandings of Goldstein's Celsius platform transaction activity.  Goldstein has alerted the FTC to these material errors, *see* Ex. D, yet the FTC continues to refuse to correct its responses.

[3] The FTC has refused to amend or supplement its disclosures to provide further details.

# PAUL
# HASTINGS

Respectfully submitted,

*/s/ Avi Weitzman*

Avi Weitzman
of PAUL HASTINGS LLP